MARIE HATCHER, Defendant in Error, *vs.* THE QUINCY HORSE RAILWAY AND CARRYING COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1916—Rehearing denied April 6, 1916.*

CARRIERS—*when instruction as to duty of carrier is not erroneous.* An instruction in an action against a street railway company for damages for an injury sustained by a passenger, which states that it was the duty of the defendant, so far as consistent with the practical operation of its road, to exercise the highest degree of care and caution for the safety and security of the plaintiff while she was a passenger, is not erroneous in omitting the qualification of considering the manner and mode of conveyance adopted.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

JOHN E. WALL, for plaintiff in error.

CHARLES J. SCOFIELD, and FRANK J. PENICK, for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Defendant in error (hereafter called plaintiff) sued the plaintiff in error (hereafter called defendant) for damages for a personal injury alleged to have resulted from the negligence of defendant's servants in starting a street car in

motion while plaintiff was attempting to board it as a passenger. The case has been tried three times in the circuit court. At the first trial the jury disagreed. On the second trial there was a judgment for plaintiff. Defendant prosecuted an appeal to the Appellate Court for the Third District and that court reversed the judgment for errors of law committed on the trial. On the third trial there was a judgment for plaintiff and defendant again appealed to the Appellate Court. That court affirmed the judgment, and the case is brought here for review on a writ of *certiorari* issued by this court.

Plaintiff alleged in her declaration that in attempting with due care and caution to board defendant's car for transportation as a passenger she was injured by defendant's servants' careless and negligent conduct in starting the car before she had time to safely board it. Plaintiff's testimony supported the allegations of her declaration and that of other witnesses offered in her behalf also tended to support the declaration. According to the testimony of plaintiff she did not get upon the platform of the car but fell or was thrown from the step leading up to the platform. It is the theory of defendant that plaintiff got upon the platform of the car to see whether a lady she was expecting to meet was in the car, and finding she was not, left the car and stepped off of it while it was in motion, and the testimony of witnesses introduced on behalf of defendant tended to support that theory. No motion was made to direct a verdict in the trial court, and it is not claimed that the trial court would have been justified in refusing to submit the case to the jury under the testimony, but it is insisted that even if the weight of the evidence was not clearly on the side of defendant, the evidence was so conflicting and the case so close upon the facts that very slight error requires a reversal of the judgment.

It is claimed the court erred in permitting plaintiff, over defendant's objection, to answer three questions asked of

her and in sustaining plaintiff's objections to two questions asked by defendant of its witnesses. It is further insisted that the court erred in giving one instruction on behalf of plaintiff and in refusing two asked by defendant.

We do not think the objections to the court's rulings upon the admission and rejection of testimony are of such materiality or importance as to require setting out and treating them in detail. Some of the objections are not well taken, and as to others the testimony admitted or rejected was not of a character which would justify the reversal of a judgment on the ground that defendant was prejudiced by the court's rulings in permitting or excluding the testimony.

It is urged that it was reversible error to give the fourth instruction given for plaintiff. That instruction told the jury that it was the duty of the defendant, so far as consistent with the practical operation of its road, to exercise the highest degree of care and caution for the safety and security of plaintiff while she was a passenger. The objection to this instruction is that it omitted the qualification of considering the manner and mode of conveyance adopted. Practically identical instructions with that here complained of were approved in *Chicago City Railway Co. v. Pural,* 224 Ill. 324, *West Chicago Street Railroad Co. v. Kromshinsky,* 185 id. 92, and *West Chicago Street Railroad Co. v. Johnson,* 180 id. 285.

In the twenty-seven instructions given on behalf of defendant the law governing the case was fully covered and some of it repeated. There was no error in refusing the two instructions asked by the defendant and refused by the court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*