(No. 13540.—Reversed and remanded.)
HANNAH LAVANDER, Defendant in Error, *vs.* THE CHICAGO
CITY RAILWAY COMPANY *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1921.*

1. NEGLIGENCE—*jury should be accurately instructed where evidence is conflicting.* In an action against a street railway company for personal injuries, where the evidence is conflicting as to how the injury occurred and as to whether the plaintiff was a passenger at the time of the injury, the instructions to the jury should be free from error.

2. SAME—*when instruction as to degree of care due plaintiff as a passenger should not be given.* In an action against a street railway company for personal injuries, where one of the sharply contested issues of fact is whether the plaintiff was a passenger at the time she was injured, the jury should not be instructed as to the degree of care the carrier should exercise "to provide for the safety and security of the plaintiff, Hannah Lavander, while she was a passenger," as such instruction invades the province of the jury.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, ARTHUR J. DONOVAN, and ARTHUR A. ANDERSON, (JOHN R. GUILLIAMS, and WARNER H. ROBINSON, of counsel,) for plaintiffs in error.

EARL J. WALKER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error brought an action in tort against plaintiffs in error, the Chicago City Railway Company and the Chicago Railways Company, in the circuit court of Cook county, to recover damages for injuries alleged to have been received on June 25, 1916, by reason of a fall which she received while attempting to board a street car at the in-

tersection of Paulina and West Madison streets, in the city of Chicago. The declaration consists of two counts. The first count, after alleging the ownership and operation of the street car, alleges that while the street car had stopped at the intersection of said streets for the reception of passengers, and while plaintiff was endeavoring to board the car as a passenger, using ordinary care for her own safety, the defendants, by their employees, negligently caused the street car to be suddenly and violently started, and thereby she was thrown to the street and injured. The second count is similar to the first, except that it charges that while the car was stopped and the plaintiff was in the act of boarding the car, using ordinary care for her own safety, the defendants failed to afford her a reasonable opportunity, and by reason of their negligence in the operation of the car the plaintiff was thrown to the street and injured. The plaintiffs in error filed a plea of general issue. The case was tried before a jury, which returned a verdict for the plaintiff for $2000. An appeal was prayed to the Appellate Court, where the judgment was affirmed, and the cause comes here on writ of *certiorari*.

Plaintiffs in error assign as error the. giving and refusal of certain instructions by the trial court. They contend that there was a sharp conflict in the evidence and that it was important and necessary that the instructions to the jury be free from error.

The plaintiff's evidence showed that she, a woman of about the age of fifty years, on the evening of the accident had attended church, and on her return homeward, about 10:30 P. M., she stopped at Paulina and West Madison streets for the purpose of taking a north-bound street car; that when she reached the intersection she crossed first to the southwest corner, and seeing a north-bound car she proceeded to cross Paulina street, on which street the car was being operated, in order to board the same. In doing so she passed to the rear of the north-bound car. Her evi-

dence tends to establish that she passed around the rear of the car to the east side of the rear platform and to the center of the entrance, where she waited for five people who were in front of her to get on; that four of them boarded the car and the fifth stepped to the right and assisted her onto the step; that she took hold of the right-hand bar with her right hand and placed her right foot on the step and her left foot on the platform, and that as she was in the act of pulling herself into the car it started with a jerk, throwing her onto the street. There is other testimony tending to corroborate her. Defendants' theory is that the car remained standing until everyone who was waiting had boarded the car; that the conductor looked out and saw that no one else was attempting to get on the step, whereupon he signaled and the car started slowly and smoothly; that the plaintiff was still coming around the rear of the car and had not gotten around to the step when the car started to move away, and she hastened and reached for the rear hand-bar, and that when she got hold of it she fell.

The defendant in error in support of her testimony called a man and his nine-year-old daughter, who were alighting from the front platform. The testimony of these witnesses tended to corroborate the theory of the defendant in error. Plaintiffs in error offered the testimony of six witnesses, two of whom were standing on the curb near the platform and four of whom were on the rear platform. The testimony of these witnesses tended to corroborate the theory of the plaintiffs in error. Without reviewing in detail the evidence in the case, it is sufficient to say that the evidence was in sharp conflict as to how the injury occurred and as to whether or not the defendant in error was in the act of boarding the car at the time the same started. It is necessary in such condition of the record that the instructions to the jury be free from error. *Chicago and Eastern Illinois Railroad Co. v. Donworth,* 203

Ill. 192; *Chicago and Alton Railroad Co.* v. *Kelly,* 210 id. 449; *Perkins* v. *Knisely,* 204 id. 275.

The first count of the declaration charged that the defendant in error was a passenger on the car when the same was negligently started up by plaintiffs in error. If defendant in error was in the act of boarding the car when it was started up it cannot be doubted that she was a passenger. (*Klinck* v. *Chicago City Railway Co.* 262 Ill. 280.) If she was on the street and was not in the act of boarding the car she was not a passenger and a sudden starting of the car could not be negligence as to her, as plaintiffs in error would owe her no duty as a passenger until she had become such. In this condition of the record the court instructed the jury, as a matter of law, that "it is the duty of a street car company to use the highest degree of care and caution consistent with the practical operation of its road and the mode of conveyance adopted, to provide for the safety and security of the plaintiff, Hannah Lavander, while she was a passenger."

Defendant in error, in support of her contention that the giving of the above instruction was not error, cites *Hatcher* v. *Quincy Horse Railway Co.* 272 Ill. 347. That case was a suit to recover damages for a fall from a street car. The plaintiff claimed she had gotten onto the step leading to the platform when the car started and she was thrown to the pavement. The defendant claimed that the plaintiff had gone onto the platform to see if a lady friend was on the car, and not finding her had attempted to alight from the car when the same was in motion and was thereby injured. The defendant objected to an instruction telling the jury that it was the duty of the defendant, so far as consistent with the practical operation of its road, to exercise the highest degree of care and caution for the safety of the plaintiff while she was a passenger. The only objection urged to the instruction was that it omitted the qualification relating to the manner and mode of conveyance

adopted. The court decided this objection by saying that practically the same instruction had been given and approved in *Chicago City Railway Co.* v. *Pural,* 224 Ill. 324, *West Chicago Street Railroad Co.* v. *Kromshinsky,* 185 id. 92, and *West Chicago Street Railroad Co.* v. *Johnson,* 180 id. 285. Examination of these cases shows that in all of them the plaintiff was admittedly a passenger on the car, and that question was therefore not in the case. In the *Hatcher case* it is evident that the question as to the plaintiff being a passenger was not disputed or argued, and the instruction was not objected to on the ground that that was a controverted question. In that case the theory of the defense was that the plaintiff was negligent in attempting to alight from the car while the same was in motion. That case is to be distinguished from the one at bar, where one of the issues of fact sharply contested is whether or not the defendant in error was a passenger.

The case of *Klinck* v. *Chicago City Railway Co. supra,* lays down the rule that while it is necessary to prove either an express or implied contract of carriage between the carrier and the alleged passenger, yet the act of the carrier in stopping its street car, or in bringing it almost to a stop, at a place where it is accustomed to receive and discharge passengers, is an implied invitation to persons intending to take passage thereon at that place to board the car, and the act of any such person in boarding the car is an acceptance of such implied invitation and creates the relation of carrier and passenger. In that case it was held that as plaintiff was injured while in the act of boarding the car, he was a passenger. That case is to be distinguished from the case at bar in that there was no question in that case, as there is here, as to whether or not the plaintiff was in the act of boarding the car when it was started.

In *Chicago Union Traction Co.* v. *O'Brien,* 219 Ill. 303, a schoolboy was injured while attempting to board a street car in motion. The question whether he was a passenger

was controverted. There was evidence in the record tending to show that the car had slowed down in order to give him an opportunity to board it and that he was injured while attempting to do so. The court in that case gave the following instruction: "The fact that the law does not make a common carrier an insurer of the safety of its passengers does not, even to the slightest extent, relieve such common carrier of its legal duty to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its vehicle." The objection to this instruction was that the evidence did not tend to prove that the plaintiff was a passenger and the declaration did not aver that he was. The instruction, however, was sustained on the ground that the declaration did so aver and that there was evidence tending to show that the plaintiff was a passenger. That instruction was a statement of the law applicable to the case under the charge in the declaration and contained only the law as to the duty of a common carrier toward its passengers. The instruction in nowise instructed the jury that the plaintiff was a passenger. In the instant case the instruction assumes that the plaintiff was a passenger. This was one of the controverted issues of fact and one on which the evidence was sharply conflicting. Such an instruction, therefore, was an invasion of the province of the jury, and the giving of it was reversible error. If the plaintiff was in the act of boarding the car at the time the same was started she was a passenger and was entitled to that degree of care on the part of the plaintiffs in error which that relation called for. If she was not in the act of boarding the car but was approaching it for that purpose when the car started she was not a passenger, and the sudden starting of the car, if it was so started, could not be negligence as to her. It will be seen, therefore, that under this controverted issue of fact the instruction of the court assuming that she was a passenger was highly prejudicial.

Plaintiffs in error complain of the giving and refusal of other instructions. On examination of them, however, we are not of the opinion that the action of the court regarding them was such as to constitute reversible error.

For the error in giving the instruction referred to, the judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*