(No. 13974.—Reversed and remanded.)

MARY GRIFENHAN, Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. NEGLIGENCE—*an instruction should not assume negligence of the defendant.* In an action against a street railway company for personal injuries received in a collision of a street car with an automobile in which the plaintiff was riding, the burden is on the plaintiff throughout the trial to show that she was in the exercise of ordinary care at the time of the accident and that the injury was the result of the negligence of the defendant as charged in the declaration, and it is prejudicial error to give an instruction which assumes that these facts have been proved and places on the defendant the burden of establishing that the negligence of a third party, who was driving the automobile, was the proximate cause of the accident.

2. SAME—*when passenger in automobile should warn driver of danger.* Where a passenger in an automobile has an opportunity to learn of danger and to avoid it, it is his duty, in the exercise of ordinary care for his own safety, to warn the driver of the automobile of such danger, as the passenger has no right, because someone else is driving the car, to omit reasonable and prudent efforts on his part to avoid danger.

3. SAME—*when negligence of driver of automobile cannot be imputed to passenger.* If a passenger in an automobile exercises ordinary care for his own safety the negligence of the driver can not be imputed to the passenger.

FARMER, J., dissenting.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and GEORGE E. GORMAN, of counsel,) for plaintiff in error.

C. HELMER JOHNSON, (JOHN T. MURRAY, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause is brought to this court by writ of *certiorari* to review a judgment of the Appellate Court affirming a judgment of the superior court of Cook county for $5000 recovered by plaintiff, defendant in error here, against defendant, plaintiff in error here, for injuries growing out of an accident occurring on Crawford avenue, in the city of Chicago.

Crawford avenue is a north and south street. Two street car tracks are laid in the middle of the street. The space occupied by the tracks is paved with granite blocks and the roadway on each side of the tracks is paved with brick. The space between the east rail of the north-bound track and the east curb of the paved roadway is fifteen feet in width. A block north of Wabansia avenue Crawford avenue passes under a railroad viaduct. The avenue is slightly depressed under the viaduct, and there is a gradual decline, about a block in length, toward the viaduct from each direction. The pavement was in fair condition

except that immediately underneath the viaduct it was badly worn, and there were several holes six to eight inches in depth, which were filled with water at the time. The injuries for which plaintiff recovered her judgment grew out of a collision between a street railway car of defendant and a Ford automobile in which she was a passenger. The car was of the pay-as-you-enter type and was about fifty feet long. It was carrying a heavy load of passengers and many of them were riding on the front platform. The automobile was carrying six adults,—two men on the front seat and a man and three women on the back seat. Both were traveling north on Crawford avenue at the time of the accident. The versions of how the accident occurred are so different that it will be necessary to set each out separately.

The automobile was the property of H. B. Parrott and he was driving it at the time of the accident. The plaintiff's version of the accident is supported by her own testimony and that of Edward Grifenhan, her husband, Mrs. Chapman, her sister, and Mr. and Mrs. Parrott, all occupants of the automobile. All three of the women who testified were injured in the accident and all were rendered unconscious at the time. Parrott was somewhat injured and his automobile was badly damaged. Plaintiff and her husband lived just west of Crawford avenue, on Potomac avenue, an east and west street crossing Crawford avenue six or eight blocks south of the point of the accident. The six people entered Parrott's car at plaintiff's home and drove east on Potomac avenue to Crawford avenue and then north on the east side of Crawford avenue. In a few blocks the automobile overtook a north-bound street car, which stopped at cross-streets to receive and discharge passengers, and the automobile was stopped a short distance behind the car. At Wabansia avenue the automobile passed ahead of the street car and continued to move north in the roadway east of the car track. The automobile was

traveling just outside the east rail of the north-bound track but was within the course of the overhang of the street car. It continued in this course down the incline north of Wabansia avenue, under the viaduct and up the incline north of the viaduct. Just before the automobile reached the top of this incline the street car overtook it and collided with it from the rear with such force as to damage the automobile and injure the occupants.

Defendant's version of the accident differs materially from plaintiff's version. Its account of the occurrence was given by the motorman, conductor and five passengers on the car in question. Defendant's version is that the street car which came in contact with the automobile was proceeding north under the viaduct with no automobile in front of the car on the track or on the roadway outside the track; that when the street car had climbed up the north incline to a point near its top the automobile raced past the street car and was proceeding northward just outside the car tracks and parallel and close to the east line of the street car; that when the automobile passed over the holes in the pavement under the viaduct it was greatly shaken and seemed in danger of sliding into the car; that when the rear of the automobile was five or ten feet north of the front end of the street car the automobile skidded and zig-zagged and tipped over toward the street car so that the street car collided with the top of the automobile, and that the automobile continued to tip and finally fell over on its side. One passenger seated on the east side of the street car stated that he saw the automobile dash by the street car at about twenty-five miles an hour an instant before he heard the crash.

The two versions are in direct conflict. If plaintiff's version is correct she is entitled to recover unless she is guilty of contributory negligence in knowingly permitting the automobile to be driven in a place of danger. If defendant's version is true then plaintiff is not entitled to

recover, because defendant's servants were not negligent but the injuries arose out of the reckless operation of the automobile. In this state of the record it was necessary that the instructions given the jury be substantially accurate.

The court gave to the jury at the instance of plaintiff the following instruction:

2. "The court instructs the jury that if the negligence of two parties proximately contributes to cause an accident through which a third party is injured, it is not alone a defense for one of said parties to show that the other was also guilty of negligence which contributed to cause the injury to the third party, if the third party was at and before the time of the happening of the accident in the exercise of ordinary care."

As an abstract proposition of law there is nothing materially wrong with this instruction, but in view of the record in this case it was nearly certain to mislead the jury, and the giving of it was prejudicial error. The jury would naturally assume that the two parties to whom negligence was attributed by the instruction were defendant's servants and the driver of the automobile. In other words, the instruction assumes that defendant was guilty of negligence and places on the defendant the burden of showing that the negligence of the driver of the automobile was the proximate cause of the injury. The burden is on the plaintiff throughout the trial to show that she was in the exercise of ordinary care at the time of the accident and that the injury was the result of the negligence of defendant charged in the declaration. Any instruction which assumes that these facts have been proven or that places on defendant the burden of establishing a defense before these facts are proven is wrong and the giving of it constitutes reversible error. (*Lavander* v. *Chicago City Railway Co.* 296 Ill. 284.) If defendant's version of the accident is true then the misconduct of the driver of the automobile was the sole cause of the accident and the driving of the

street car against the automobile under those circumstances was not negligence. This instruction does not limit the negligence of defendant to that charged in the declaration. It tells the jury that defendant would be liable for the injury if it was guilty of any negligence, whether it was charged in the declaration or not. The only negligence attempted to be charged in the declaration is the negligent operation of the street car. The jury might assume that it was the duty of defendant to keep the pavement on this street in repair and that the presence of the holes in the pavement was the result of defendant's negligence. It might assume that the street car was negligently constructed and that the body of the car projected too far beyond the rails and that the operation of the car with this unusually wide overhang was negligence on the part of defendant. It might assume any number of things which it might fancy or imagine was negligence on the part of defendant, and then, under this instruction, find defendant guilty. It is elementary that recovery can only be had upon the negligence charged in the declaration. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169; *Hackett* v. *Chicago City Railway Co.* 235 id. 116.) Plaintiff was a passenger in this automobile and at the time of the accident was in the rear seat on the left-hand side. The curtains were on the automobile, but plaintiff could see the street car through the transparent windows in the curtain and could see the street car track and the paved roadway through the windshield. Before plaintiff could recover it was necessary for her to prove that she was in the exercise of ordinary care for her own safety, and she was not relieved from that duty because she was riding in an automobile. (*Opp* v. *Pryor,* 294 Ill. 538.) Where a passenger in an automobile has an opportunity to learn of danger and avoid it, it is his duty to warn the driver of the automobile of such danger. The passenger has no right, because someone else is driving the automobile, to omit reasonable and prudent efforts on

his part to avoid danger. *(Pienta* v. *Chicago City Railway Co.* 284 Ill. 246.) On the other hand, if the passenger does exercise ordinary care for his own safety any negligence of the driver cannot be imputed to the passenger. *(Eckels* v. *Muttschall,* 230 Ill. 462; *Nonn* v. *Chicago City Railway Co.* 232 id. 378.) Under the facts in this case plaintiff was responsible for her own negligence, if any, but she was not responsible for the negligence of Parrott. In view of the fact that plaintiff's instruction No. 2 related to a serious controverted issue of fact and one on which the evidence was sharply conflicting, we must hold that the giving of it was reversible error.

The judgments of the Appellate and superior courts are reversed and the cause is remanded to the superior court of Cook county for a new trial.    *Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.