George M. Monroe, Defendant in Error, v. Rolland N. Wear, Plaintiff in Error.

Gen. No. 8,793.

Opinion filed July 26, 1934. Rehearing denied October 2, 1934.

DOWNING & HELFRICH, for plaintiff in error.

WALKER & O'HARRA, for defendant in error.

MR. JUSTICE DAVIS delivered the opinion of the court.

Plaintiff in error, Rolland N. Wear, sued out a writ of error directed to the circuit court of McDonough county, to review a judgment of that court rendered against him and in favor of George M. Monroe, defendant in error, for the sum of $15,000 damages assessed by the verdict of a jury finding him guilty of wilful and wanton misconduct which resulted in injury to the defendant in error.

The declaration consists of four counts, the first of which charges general negligence and alleges due care on the part of the plaintiff, but was withdrawn from the consideration of the jury, so that the case went to the jury on the three remaining counts, the first of which charged:

That on October 25, 1931, the defendant Wear owned a certain Chevrolet automobile and that he invited the

plaintiff Monroe to ride with him in his said automobile from the City of Macomb, Illinois, to the City of Davenport, Iowa; that plaintiff accepted, and that they left the City of Macomb in said automobile together with two other persons; that the defendant was driving and operating said automobile upon said journey and that plaintiff was riding as a guest therein; that at a point in Rock Island county upon the route from Macomb to the City of Davenport, and being along State Route No. 3, the said defendant was driving near the town of Reynolds; that said defendant wilfully and wantonly operated, managed and drove said automobile at a place aforesaid so as to cause the same to collide with a certain automobile then and there being driven in a westerly direction upon said State Route No. 3, and as a result of the collision of said automobile, through the wilful and wanton misconduct of the defendant, the plaintiff was thrown with great force and violence and certain parts of his body, to wit: his jaws, arms, shoulders, head, legs and neck struck upon and against certain parts of said automobile and the plaintiff was thrown with great force and violence from said automobile to and upon the highway.

The second of which said counts is similar to the first except that it charges that it was the duty of the defendant in the operation and running of said automobile to use proper care and caution and not to wantonly and wilfully injure the plaintiff, yet the defendant, not regarding his duty in that behalf, wantonly and wilfully and without regard for the safety of the plaintiff ran his said automobile at a speed of, to wit: 60 miles per hour on the left side of the center line of said State Route No. 3 and upon and against a certain other automobile traveling in a westerly direction upon said highway.

The last count, charging wilful and wanton misconduct on the part of the plaintiff in error, is like the first

of said counts except that it charges that it was the duty of the defendant to operate his automobile on the right-hand side of the center line of said concrete slab commonly called the right traffic lane, which would be on the south side of said highway, at the place aforesaid, the said concrete slab running in an easterly and westerly direction, and that it became and was the duty of defendant to so operate his said automobile as not to injure the plaintiff through wanton and wilful misconduct, yet the defendant not regarding his duty in that behalf wantonly and wilfully and without regard for the safety of the plaintiff drove his said automobile on the left-hand side of the center line of said concrete slab and onto the left-hand traffic lane thereof; that at the time and place aforesaid another automobile driven by another person traveling in a westerly direction upon its right-hand side of the center line of said pavement and upon its right-hand traffic lane collided with the said car of the defendant.

Plaintiff avers that, by reason of the collision aforesaid, so caused by the wanton and wilful misconduct of defendant, he was injured, etc.

The parties on the trial of said cause stipulated as to the physical conditions that existed at the time and place of said accident, and which stipulation is in part as follows:

That the collision between the car of the defendant and the car of Virgil Eakman occurred about two and one-fourth miles west of Reynolds, on State Route No. 3, which is a highway paved with concrete of 18 feet in width, with two traffic lanes divided by a black line in the center; that the collision occurred near the west crest of a depression or swale approximately 1,500 feet wide, from crest to crest, over which said hard surfaced road passed from east to west; that it is approximately 700 feet from the place of the collision to the lowest point on said road at the bottom of said depression or swale and the lowest point of said hard road

in said depression is approximately 40 feet below the level of the west crest of said depression; that said Route No. 3 at the place of the collision is on a straight line due east and west from about one mile east of the place of the collision, except for the depression mentioned, and for about one mile west of the place of the collision, and the ground over which said road passes is level prairie ground; that an automobile such as a Chevrolet coupe traveling on said road at the lowest point of said depression or swale is out of the line of vision of a person in an automobile on said hard road at a point on said road 200 feet west of the west crest of said depression, so that a person approaching said depression from the west cannot see an automobile on said road at the bottom of said depression from a point 200 feet west of said depression.

It appears from the testimony of the witnesses that the collision between the car owned by Virgil Eakman and the car owned by the plaintiff in error, Rolland N. Wear, and in which the defendant in error was riding, occurred at the west crest of this depression about 700 feet from the lowest point.

At the time of the accident and just prior thereto there were five automobiles within sight of this place, two of these cars approaching from the east, the first driven by Eakman and the other by the witness Swenson, and three of the cars approaching from the west, the first being driven by the witness Babcock and the next by the plaintiff in error, Wear, and the other being driven by Kathryn Davis. Eakman was alone in his car and Swenson was accompanied by Samuel Moore, and in the car driven by Ben Babcock was the witness Rose, and in the car of the plaintiff in error was his wife, the defendant in error and Zelma Stevens, and in the Davis car there were three persons besides the driver, Mrs. Marietta Davis and a Mr. and Mrs. Morrow.

At the time of the accident the Babcock car was part way down over the hill, the west slope; the occupants of this car did not see the collision but heard the crash. The Davis car was about a block and a half from the scene of the accident and the Swenson car was about a block away and at the bottom of the depression.

Virgil Eakman testified that when I came down the hill on the east side of the depression there were three or four cars coming east and I was going west, and about the time I got to the top of the hill I just passed one car, just got past it and then another car pulled directly in front of me and that is when the accident occurred; that is all I remember until I came to on the bank.

Plaintiff in error, Wear, testified that just before the scene of the accident I got up close to a car and the car swerved over the black line and I did not know what it was going to do, whether it was going across or stop. I throwed on the brakes and he pulled back in front of me and slowed down and I had to turn out,—either hit the car or turn out.

Some of the witnesses testified that there was no car immediately in front of the Wear car. It appears that there is a conflict in the testimony as to whether any car was immediately in front of the car of plaintiff in error just prior to the time of the accident and as to whether the plaintiff was compelled to suddenly turn out in order to avoid hitting it.

The plaintiff in error contends that there was no evidence introduced, nor inferences deducible from evidence introduced, even tending to show that there was misconduct, wilful, wanton or otherwise, on the part of defendant, Rolland N. Wear, which caused the accident or contributed to the injury of the plaintiff, and that the court erred in not directing a verdict in favor of the defendant.

The defendant in error insists that this question is not properly presented for review by this court because the plaintiff in error at the close of all the evidence did not submit, with his motion for a directed verdict, an instruction and did not procure a ruling upon any instruction at that time and thereby waived the question of whether there was any proof to sustain defendant in error's case.

From an examination of the bill of exceptions as set forth in the abstract of record it appears that at the close of all the evidence the defendant (plaintiff in error) submitted a motion in writing to the court and moved the court to exclude the evidence and instruct the jury to return a verdict finding the issues for the defendant for the reason that said evidence is insufficient in law to support the cause of action set forth in the declaration or either count thereof, which motion was overruled by the court.

Nowhere in the bill of exceptions does it appear that an instruction in writing was tendered with this motion and refused by the court.

Plaintiff in error contends that a written instruction was offered at the time the motion was made at the close of all the evidence and that it accompanied said motion, as shown by the common law record.

While it is true that the common law record shows that such instruction was tendered in connection with said motion, yet an instruction tendered with a motion to direct a verdict, like all other instructions, with the ruling of the court thereon, must be shown by the bill of exceptions and, if not so shown, the ruling of the court is not preserved for review. *Greenwell v. Hess,* 298 Ill. 459, 461.

Under the provisions of the Civil Practice Act which became effective on January 1, 1934, Cahill's St. ch. 110, ¶ 129 *et seq.,* the distinctions between the common law record, the bill of exceptions and the certificate of evidence, for the purpose of determining what

is properly before the reviewing court, are abolished, but the judgment in this case having been entered prior to January 1, 1934, it must be reviewed in accordance with the law then in force.

The plaintiff in error not having tendered an instruction in writing with his motion, made at the close of all the evidence, for an instructed verdict, the question of law, therefore, as to whether there is any evidence in the record fairly tending to prove the plaintiff's cause of action has not been preserved by the plaintiff in error for review in this court.

In passing upon this question in the case of *Variety Mfg. Co. v. Landaker,* 227 Ill. 22, 24, the Supreme Court said:

"In cases of this character, where a party defendant desires to preserve the questions whether the evidence fairly tends to establish a cause of action or a defense, for review in this court, as questions of law, it can only be done by the defendant moving the court, at the close of all the evidence, to instruct the jury to return a verdict for the defendant, and by accompanying the motion with an instruction in writing to find for defendant. The defendant in this case made a motion at the close of all the evidence for a directed verdict, but did not accompany its motion with an instruction in writing to the jury to find for the defendant. The questions of law, therefore, whether the evidence fairly tended to show that the appellant, through its servants, was guilty of actionable negligence or the appellee's intestate was guilty of contributory negligence have not been preserved by the appellant for review in this court upon this record."

Plaintiff in error further contends that the court erred in giving to the jury the fourth instruction tendered by defendant in error and which was as follows:

"The court instructs the jury that in this case it is not incumbent upon the plaintiff to prove that he was in the exercise of due care and caution for his own

safety. If you believe from a preponderance of the evidence in this case that the injuries, if any, shown by the evidence to have been sustained by the plaintiff were the direct result of the wilful and wanton acts of the defendant in the operation of the defendant's automobile, then the fact that the plaintiff was also guilty of negligence would not defeat the plaintiff's right of recovery. Negligence on the part of the plaintiff which may contribute to the injury is no defense if the acts of the defendant causing the injury were wilful and wanton.''

This instruction as framed plainly assumes that the defendant was guilty of wilful and wanton misconduct. It did not require the jury to believe from the evidence that the defendant was guilty of wilful and wanton misconduct in the operation of his automobile, but contained the statement that if they believed the injuries sustained by the plaintiff were the direct result of the wilful and wanton acts of the defendant in the operation of his automobile, that negligence on the part of the plaintiff would not defeat the plaintiff's right of recovery.

By this instruction the jury were also told that: ''Negligence on the part of the plaintiff which may contribute to the injury is no defense if the acts of the defendant causing the injury were wilful and wanton,'' and, ''that in this case, it is not incumbent upon the plaintiff to prove that he was in the exercise of due care and caution for his own safety.''

The plain inference to be drawn from this instruction is that the acts of the defendant were wilful and wanton and therefore it was unnecessary for the plaintiff to prove that he was in the exercise of due care and caution for his own safety and the jury would be warranted in so concluding.

The effect of this instruction was to take from the jury the determination of the real question at issue,

the question of fact as to whether the defendant was guilty of wilful and wanton misconduct which contributed to the injury of the plaintiff.

Defendant in error in defense of this instruction says: "This suit is one counting on wilful and wanton misconduct only, and contributory negligence is not an element to be considered."

The giving of this instruction, which admittedly instructs the jury as to an issue that was not involved in the case, could only tend to confuse the jury and in no way assist them in arriving at a proper verdict, and should not have been given.

The sole function of instructions is to convey to the minds of the jury the correct principles of law applicable to the evidence submitted to them, in order that, having determined the final state of facts from the evidence, the jury may, by the application of the proper legal principles, arrive at a correct conclusion according to the law and evidence, and nothing should be given them unless it will promote such object.

Where, as in this case, the evidence is conflicting upon a material question at issue, and even though the finding of the jury is not clearly against the weight of the evidence, yet if the jury have not been properly instructed the verdict of the jury will be set aside. *Franks v. Matson,* 211 Ill. 338–343.

For the error indicated in the giving of said instruction the judgment is reversed and the cause remanded to the circuit court of McDonough county for a new trial.

*Reversed and remanded.*