Hazel Mangrum Gray, Appellant, v. Guy Richardson and Walter J. Cummings, Receivers, et al., Trading as Chicago Surface Lines, Appellees.

Gen. No. 41,732.

Opinion filed March 18, 1942.

Lawrence C. Mills, of Chicago, for appellant.

Frank L. Kriete, Charles E. Green and Arthur J. Donovan, all of Chicago, for appellees; William J. Flaherty and John R. Guilliams, both of Chicago, of counsel.

## Rehearing Opinion.

Mr. Justice Kiley delivered the opinion of the court.

Leave was given plaintiff to appeal from an order of the circuit court granting a new trial to the defendants.

Plaintiff sued for damages for injuries suffered by her when she was thrown to the street while alighting, she claims, from one of defendants' street cars in the City of Chicago. The jury returned a verdict for plaintiff and awarded her damages in the amount of $6,500. The court entered judgment on the verdict and later, on defendants' motion, vacated the judgment and granted the defendants a new trial.

It appears from the evidence that on December 17, 1936, plaintiff, her then husband Fred Mangrum, her daughter and niece, boarded a southwest bound Archer avenue street car at Van Buren and State streets in Chicago. Plaintiff then resided at 3315 South Wood Street, Chicago. As the car approached Wood Street plaintiff pressed a buzzer signaling her desire to have the car stop. She then left her seat, looked to see that her companions were following, and then proceeded to the front platform of the car. As the car neared the intersection the motorman opened the front door and plaintiff, grasping the hand bar, started to alight. At

this point a conflict begins in the evidence as to what else happened. Plaintiff alleges and offers evidence to show that while she was *alighting,* she was thrown to the street by a sudden jerk of the car, either after the car stopped or as it was coming to a stop. The defendants claim that plaintiff *had alighted* while the car was in motion and, after taking a few steps, fell to the street. The evidence shows that her husband, the conductor and motorman picked her up, and her husband and niece helped her to her home, not quite a block away.

Plaintiff contends that she was thrown first on her hands and knees and in some way during the fall injured her back, her ankles and right instep. Defendants say that when the plaintiff fell, after having alighted, she bruised her hands and knees; and that any other injuries suffered were the result of beatings inflicted by her then husband upon her before and after the accident here complained of and also the result of an automobile accident shortly thereafter. A verdict was returned by the jury on February 14, 1941 and on February 17, 1941, the trial judge entered judgment on the verdict. On February 28, 1941, the court vacated the judgment and sustained defendants' motion for a new trial.

There were thirty-six grounds contained in defendants' written motion and the motion was sustained, according to the trial court, ''on all the grounds set forth in defendants' motion, . . . .''

Plaintiff relies on three points to reverse the order of the trial court, that the verdict is not excessive; that all of defendants' grounds in the motion for a new trial are without merit; and that the record sustains plaintiff's case and the motion should have been overruled. The defendants to sustain the order of the trial court urge that the verdict is excessive; that the verdict is contrary to the manifest weight of the evidence; that there are errors in the instructions;

that medical testimony given as to future treatments is speculative; and that the doctor's opinion upon subjective symptoms invaded the province of the jury.

For convenience we shall first consider the vital question of the instructions. The defendants insist that plaintiff's given instruction No. 6 is erroneous. That instruction reads as follows:

"The care and caution required of the plaintiff was such conduct and care and caution for her own personal safety in alighting from the car in question as a reasonably prudent and cautious person would have exercised under the same conditions and circumstances, before and at the time of the alleged injury. She was not required to exercise extraordinary care or diligence."

As we have pointed out plaintiff alleged and offered evidence to show that she was injured while *alighting*. The defendants' answer averred and the evidence in their behalf was offered to prove that the injury occurred *after she had alighted*. Thus the point is controverted in the pleadings and the evidence thereon is in conflict. The instruction, therefore, in assuming that she was alighting from the car was highly prejudicial and our courts have held under similar circumstances that the giving of such an instruction constituted reversible error. *Lavander v. Chicago City R. Co.*, 296 Ill. 284; *Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590. The Supreme Court has also held that no other instruction given could remove that error. *People v. Harvey*, 286 Ill. 593.

Defendants also complain of instruction No. 3, given on behalf of plaintiff. It reads as follows:

"While as a matter of law, the burden of proof in this case is upon the plaintiff and it is for her to prove her case by a preponderance of the evidence, still, if the jury finds the evidence in this case, when considered altogether, preponderates in her favor, it would be sufficient for the jury to find the issues in

her favor.'' This instruction is susceptible to the criticism made of an instruction in *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, 171, although the instant instruction is free from the objectionable language which made the instruction in that case vulnerable for another reason. The Supreme Court there held that right to recovery must be limited to the negligence charged in the complaint. There is no limitation in instruction No. 3 to guide the jury, but other instructions given furnish such a guide, consequently, under the ruling of this court in *Garlinski v. Chicago City Ry. Co.*, 257 Ill. App. 414, no error was committed in given instruction No. 3.

During the trial the court overruled defendants' motion to strike the following answer of plaintiff's witness Dr. Drago:

''Well, she has received infra-red radiation, that is, our lamp treatment which penetrates, which she received before. She may come back in case the pain becomes severely painful. She may come back. It is helpful.'' Our courts have held that a mere possibility of future pain or suffering is not sufficient to warrant an assessment of damages. *Stevens v. Illinois Cent. R. Co.*, 306 Ill. 370. The answer should have been stricken as were similar indefinite answers given by the witness. The court also overruled defendants' objection to the following question put to the same witness:

''Based upon a reasonable medical certainty, have you an opinion as to whether or not her condition in any way affects her ability to stand in order to do her work?'' The rule upon such a question appears to be that a witness can not be permitted to give his opinion on a fact which the jury is to decide, where there is a conflict in the evidence as to the manner and cause of plaintiff's injury, or as to whether plaintiff's injury was caused by the accident in question. In the case at bar, both points are controversial, the question was

not a medical or scientific one, the province of the jury was invaded by it and the trial court should have sustained the objection. *Schlauder v. Chicago & Southern Traction Co.,* 253 Ill. 154; *People v. White,* 365 Ill. 499, 513.

Defendants' motion for a new trial was properly sustained by the trial court because error was committed in the trial by the giving of the instruction and making the rulings on evidence hereinbefore discussed.

In aid of a new trial we have examined plaintiff's given instructions Nos. 1, 5 and 10, also defendants' refused instructions Nos. 34 and 35. We have found no error committed in the court's rulings on those instructions. Further, because the order granting defendants a new trial must be affirmed, we shall not pass upon the question as to whether plaintiff's damages as assessed by the jury were excessive.

For the reasons herein given the order of the circuit court granting defendants a new trial is affirmed.

*Order affirmed.*

BURKE, P. J., and HEBEL, J., concur.