J. Paul Grimm, Appellee, v. Chicago and North Western Railway Company, Appellant.

Gen. No. 44,053.

NIEMEYER, J., specially concurring.

Opinion filed June 16, 1947.   Released for publication June 30, 1947.

DRENNAN J. SLATER and JAMES B. O'SHAUGHNESSY, both of Chicago, for appellant.

DAVIS, MICHEL, YAEGER & McGINLEY, of Minneapolis and LEO G. HANNA, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

In this action for personal injuries brought by plaintiff against defendant, under the Federal Employers' Liability Act, a verdict for $2,000 and judg-

ment thereon were entered in favor of plaintiff, from which defendant appeals.

The applicability of the Federal Employers' Liability Act to the instant case is not disputed.

Plaintiff was a brakeman on one of the defendant's trains, which, at the time of the accident, was being operated in and about the railway yards of the defendant near Kedzie avenue in Chicago. It appears that he was instructing another employee of defendant in the duties of a brakeman. While the train was in motion, he alighted at a place a few feet east of the so called "pot signal" to await the passage of his train beyond the switch and then give the proper stop signal to the engineer. It is claimed by plaintiff that in getting off the moving train, he stepped on some hard object, which felt like a bottle, and forced him to lose his balance. He fell against an approaching freight train on the next track to the south, resulting in the loss of his index finger. It is claimed by plaintiff that the defendant allowed bottles, rubbish and other debris to exist and accumulate on and about the tracks, on one of which his train was then moving.

This is made the basis of a charge in the complaint of negligence on the part of the defendant in allowing the condition to exist and thereby failing to furnish a reasonably safe place in which the plaintiff could work. It is also charged in the complaint that the defendant was negligent in the operation of the freight train against which plaintiff fell, in that it failed, among other things, to give plaintiff a reasonable warning of the approach of the train.

The points urged for reversal of the judgment are that plaintiff has failed to prove any negligence on the part of the defendant, or that the alleged negligence was the proximate cause of the accident; that the verdict is against the manifest weight of the evidence; that the court should have directed a verdict for the defendant or entered judgment notwithstanding the

verdict; that the court erred in instructing the jury; and that the verdict is excessive.

We shall not express any opinion upon the evidence, since a new trial must result because of the error in one of the instructions given for the plaintiff.

Instruction No. 3, given for the plaintiff, reads:

"The plaintiff is entitled to recover in this case against the defendant if you believe that the plaintiff has proved by a preponderance or greater weight of the evidence the following propositions:

(1) That the defendant was guilty of negligence in the manner charged in plaintiff's complaint or some paragraph thereof; and

(2) That such negligence of the defendant contributed in whole or in part to cause plaintiff's injuries.

If you find that the plaintiff has proved by a preponderance or greater weight of the evidence each of the foregoing propositions, then you should find the defendant guilty."

It is objected that the instruction fails to require the jury to find that the alleged negligence of defendant was the proximate cause of plaintiff's injuries. While the word "proximate," as generally used in such instructions, is lacking in this one, we feel paragraph (2) of the instruction is sufficient to satisfy the rule of proximate cause.

The Federal Employers' Liability Act provides:

"Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . *resulting in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negli-

gence, in its . . . roadbed. . . ." (Italics ours.)

■ The instruction does require the jury to find that the negligence contributed "in whole or in part to cause plaintiff's injuries." It thus requires them to find a causal connection between the negligence and the injuries. The Act merely requires that the injuries result in whole or in part from the negligence of the defendant. Had the instruction contained the word "proximate," it would have avoided the objection, but we do not believe that the jury was misled by the language employed as a substitute for the word "proximate" and, as indicated, we think it announces the proper rule under the Federal Employers' Liability Act.

In *Eglsaer v. Scandrett,* 151 F. (2d) 562 (7th Circuit), the court was called upon to determine whether the negligence proved was the proximate cause of the injury, and though it did not involve an instruction on the subject, what the court there said supports the view we take. At page 564, the court said:

"No phase of negligence law offers greater resistance to logical treatment than the much discussed question of proximate cause. . . .

. . . It is not strange that attempts to frame an accurate and comprehensive definition of the term 'proximate cause' have not been successful. It has been spoken of as an 'efficient' cause, as a cause 'without which the injury would not have occurred,' as a 'direct' or 'dominant' cause."

At page 565:

"Under the old concept of proximate cause, that cause must have been direct, the complete, the responsible, the efficient cause of the injury. Contributing and remotely related causes were not sufficient. Now, if

the negligence of the railroad has 'causal relation'—if the injury or death resulted *'in part'* from defendants' negligence, there is liability.

The words 'in part' have enlarged the field or scope of proximate causes—in these railroad injury cases. These words suggest that there may be a plurality of causes, each of which is sufficient to permit a jury to assess a liability."

We do not think there was error in this instruction.

Instruction No. 13 for the plaintiff, after quoting the provisions of the Federal Employers' Liability Act, reads:

"You are further instructed that the liability of defendant under this provision is not absolute but, nevertheless, the defendant is liable if you believe plaintiff has proved by a preponderance of the evidence that the accident and injury to him, if any, was caused in whole or in part by the negligence of the defendant as charged in plaintiff's complaint or in some paragraph thereof."

It is objected that the failure to include in this instruction the words "if any" after the words "negligence of the defendant" permits an assumption of fact that the defendant was negligent instead of leaving it to the jury to determine the question. We agree with this contention. The instruction should not assume that there was negligence on the part of the defendant, especially when it directs a verdict upon the hypothesis stated in the instruction. *Grifenhan v. Chicago Rys. Co.,* 299 Ill. 590, 594; *Lavander v. Chicago City R. Co.,* 296 Ill. 284, 287, 289; *Hanson v. Trust Co. of Chicago,* 380 Ill. 194.

Objections made to instruction No. 12 for plaintiff are without merit. With respect to that part of the instruction, which refers to future pain and suffering, it is argued there is no evidence in the rec-

ord to support the claim for future pain and suffering. There is evidence that up to and at the time of the trial, which was 2 years and 8 months after the accident, he suffered an itchy sensation in the stub of his amputated finger; that it bothers him once in a while.

The further objection made to this instruction is based upon the following language in the instruction:

"To determine the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have the right to and they should take into consideration all the facts and circumstances touching the plaintiff's physical injuries, if any, proximately resulting from the accident in question, so far as such injuries are proven by the evidence."

It is argued that it should have read "by the preponderance of the evidence," that being the legal burden imposed upon the plaintiff. In this connection we find instruction No. 15, given for the defendant, reads:

"The burden is upon the plaintiff as to each and every one of the claimed injuries or disabilities to prove by a preponderance or greater weight of the evidence in this case, not only that such alleged injuries or disabilities really exist or have existed, but that such alleged injuries or disability are the result of the accident in question; and unless plaintiff has proved by a preponderance or greater weight of the evidence in this case as to each one of such claimed injuries . . . he cannot recover for such alleged injury or disability."

Instruction No. 15 for defendant clearly stated the law to the jury and supplied what, if anything, was lacking on that subject in plaintiff's instruction No. 12, above referred to. The identical situation and objection was disposed of adversely to defendant in *Kavanaugh v. Parret,* 379 Ill. 273.

It is a settled rule in this State that where there is a sharp conflict in the evidence, it is necessary

that the instructions be accurate and free from error. *Edwards v. Hill-Thomas Lime & Cement Co.*, 378 Ill. 180; *Lavander v. Chicago City R. Co.*, 296 Ill. 284, and *Monroe v. Wear*, 276 Ill. App. 570.

For the reasons indicated, the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., concurs.

NIEMEYER, J. I concur in the result, but not in all that is said as to the various instructions considered by the court.