## In re Estate of Charles J. Anderson, Deceased. Edith T. Anderson, Administratrix, Appellant, v. Robert Anderson, Appellee.

### Gen. No. 44,051.

Opinion filed February 17, 1948. Released for publication March 9, 1948.

Otto M. Hamer, John P. Derning and Harry P. Stinespring, Jr., all of Chicago, for appellant.

SMIETANKA, NOWAK & GARRIGAN, of Chicago, for appellee; JOSEPH G. SMIETANKA and CHARLES D. SNEWIND, both of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Charles J. Anderson died intestate on May 3, 1945, leaving him surviving his widow, Edith T. Anderson, who was appointed administratrix of her husband's estate on May 29, 1945. On January 4, 1946, she filed a petition for a citation in the probate court against Robert S. Anderson, a nephew of the decedent, to discover assets belonging to the estate. A hearing was had on said petition before the court and a jury and a verdict was returned, which found the issues in favor of the petitioner and assessed her damages at $15,236.14. Respondent's motion for a new trial was overruled and judgment was entered upon the verdict by the probate court, directing Robert S. Anderson to pay $15,236.14 within twenty days to Edith T. Anderson as the administratrix of her deceased husband's estate. The respondent perfected an appeal from said judgment to the superior court where the cause was tried *de novo* by the court and a jury. A verdict was returned finding the issues in favor of the respondent and, after petitioner's motions for judgment notwithstanding the verdict and for a new trial were overruled, judgment was entered upon the verdict. The administratrix appeals to this court from the judgment of the superior court.

The petition of the administratrix for citation alleged in substance that the decedent during his lifetime loaned to Robert S. Anderson 300 shares of National Biscuit Company stock, 75 shares of Standard Oil Company (Indiana) stock and 100 shares of Butler Brothers stock; that the certificates representing said shares of stock were borrowed from the decedent by Robert S. Anderson for use ''as collateral security

to an indebtedness of said Robert S. Anderson at the Austin State Bank''; that said securities had been converted to the use and benefit of Robert S. Anderson; that he refused after demand in writing to deliver said securities or the proceeds thereof to the administratrix; and that he claims that he received the securities and the proceeds thereof as a gift from the decedent and that they therefore belonged to him and not to the administratrix of the estate of Charles J. Anderson.

Inasmuch as the judgment appealed from will have to be reversed because of an erroneous instruction given to the jury at the request of the respondent, we deem it sufficient to set forth the evidence only to the extent necessary to indicate the respective theories of fact upon which the parties tried this case.

The following receipt which was on respondent's stationery and in his handwriting was received in evidence:

"August 19, 1943
Received from C. J. Anderson and Edith Anderson

> 300 shares National Biscuit Company
> 75 shares Standard Oil Company
> 100 shares Butler Brothers,

to be used as collateral on loan at the Austin State Bank, in my name.

R. S. Anderson.''

The respondent admitted that he executed the foregoing document and that he received the certificates of stock specified therein from his uncle for the sole purpose of using them as collateral security for his (respondent's) loan at the Austin State Bank. The respondent thus conceded upon the trial that when said certificates of stock were originally turned over to him by the decedent, they were delivered to him not as a gift but as a loan. It is undisputed that, although the foregoing receipt was given to the decedent on August 19, 1943, the certificates representing the stocks

mentioned therein were delivered to respondent on June 11, 1943.

Robert S. Anderson relied principally on his own testimony and that of Alexander Heimark, assistant cashier of the Austin National Bank (formerly Austin State Bank), to show that the decedent made a gift of the stocks in question to him.

Respondent testified that on November 8 or 9, 1943, which was about six months after the certificates of stock involved herein were delivered to him, he had a conversation with the decedent, no one else being present, and that at that time his uncle said to him, ''Bob, get these stocks [Commonwealth Edison Company stock not involved herein] back as quick as you can. They are my wife's. The others [stocks involved herein] are yours. As long as you can keep them let me have the dividends.''

Heimark's testimony, so far as it pertained to the claimed gift, was that respondent desired to increase his loan at the bank; that Robert S. Anderson brought the decedent with him to the bank in March or April, 1943, for the purpose of having his uncle furnish more collateral for the additional loan; that at that time he (Heimark) suggested to the decedent that the latter have the certificates of stock in question reissued in joint tenancy with his wife and that he (decedent) said, ''No . . . those stocks belonged to his nephew.''

It appears from the evidence that upon respondent's failure to pay the bank his $14,000 indebtedness, which was secured by the certificates of stock involved herein, it sold the stock for $15,332.36 and accounted to Robert S. Anderson for the surplus, delivering to him its check for $1,236.14 on November 14, 1945, the proceeds of which he appropriated to his own use.

Numerous reasons are urged by the petitioner for the reversal of the judgment appealed from but the only contention made by her that we deem it necessary

to consider is that the trial court committed reversible error in giving to the jury the following instruction tendered by the respondent:

"The jury are instructed that the petitioner is required by law to prove her case by a preponderance of the evidence before she can recover. If the petitioner in this suit has not so proven her case or if the preponderance of the evidence is in favor of the respondent, then, in either of these cases, the verdict should be an issue for respondent."

While this instruction is ordinarily proper, it was highly prejudicial to give it in this case and the fact that the attorney for the petitioner submitted no instructions on her behalf cannot excuse or justify the giving of an instruction on the respondent's behalf, which was palpably misleading. As this case was tried, the respondent admitted that the securities were owned by his uncle at the time he (decedent) delivered them to him and that when the decedent turned them over to him they were delivered not as a gift but as a loan. These facts constituted the essential elements of the petitioner's case and, having been specifically admitted by the respondent, the administratrix was certainly under no burden to prove them. The only disputed question of fact in this case as it was submitted to the jury was as to whether the decedent, about six months after he delivered the securities to his nephew as a loan, made a gift of same to him. It has always been the law that a party claiming as a donee has the burden of proving a gift *inter vivos* by clear and convincing evidence. (*Rothwell v. Taylor,* 303 Ill. 226; *Bolton v. Bolton,* 306 Ill. 473; *Keshner v. Keshner,* 376 Ill. 354; *Storr v. Storr,* 329 Ill. App. 537.)

The only conflict in the evidence in this case was as to the claimed gift and the rule is that where the evidence is conflicting on any material issue the instructions given at the instance of the successful party must state the law accurately and be free from

all error calculated to mislead the jury. (*Lavander v. Chicago City Ry. Co.*, 296 Ill. 284; *Peters v. Madigan*, 262 Ill. App. 417; *McLaren v. Byrd, Inc.*, 296 Ill. App. 345.)

No instruction was given to the jury advising the members thereof that under the law a party claiming as a donee has the burden of proving a gift *inter vivos*. That being so, the instruction under consideration was certainly calculated to mislead the jury, because it could not have been intended to serve any purpose other than to relieve respondent of the burden of proving that the decedent made a gift of the stock to him and to lead the jury to believe that the law placed the burden upon the administratrix of proving that the decedent did not make a gift of the securities to the respondent. We are impelled to hold that the giving of this instruction under the special facts of this case constituted reversible error.

For the reasons stated herein the judgment of the superior court of Cook county is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

FRIEND, P. J., and SCANLAN, J., concur.