## JOHN M. LONG

### v.

## THOMAS LINN.

1. BILL OF EXCEPTIONS—*must prevail over recitals made by clerk in the record.* If the record, as certified by the clerk, gives the verdict of the jury differently from that copied into the bill of exceptions and certified to by the court, the latter must be taken as correct.

2. EJECTMENT—*verdict must find estate of the plaintiff.* The statute requires the jury, on the trial of an action of ejectment, to find the estate proved by the plaintiff, and if the verdict fails to specify any estate, no judgment can be rendered on it.

3. VERDICT—*putting in form.* The statute authorizing the court to have a verdict reduced to proper form, does not apply in an action of ejectment, where the jury fail to find the estate in the plaintiff, that not being a matter of form.

4. PRACTICE—*time of objecting to verdict in ejectment.* Where a verdict in ejectment is defective, in substance, in not finding what estate the plaintiff is entitled to, the objection is not waived by not objecting to the same in the court below.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. ARTHUR W. WINDETT, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of ejectment, in the Superior Court of Cook county, against appellant, for the recovery of a lot of ground in the city of Chicago. A trial was had by the court and a jury, resulting in the verdict set out in the bill of exceptions: "We, the jury, impanelled in the case of Thomas Linn, by his guardian, against John Long, find a verdict for plaintiff." A motion for a new trial was entered, but was overruled by the court, and a judgment rendered for a recovery in fee simple, and the case is brought to this court by appeal.

It is insisted that the verdict does not warrant the entry of such a judgment, because it is broader than the finding. There is an error assigned upon the rendition of the judgment, which presents this question.

We, upon turning to the transcript of the record, find that the clerk, in the journal of the proceedings, recites that the parties appeared, and that the jury came into court and say: "We, the jury, find the defendant guilty, in manner and form as charged in the declaration, and that the plaintiff has an estate in fee simple in the premises described in the declaration, and thereupon defendant submits his motion for a new trial." Thus, it appears that the verdict set out in the bill of exceptions and signed by the jurors, is different from that recited by the clerk.

We must regard the verdict which the court says the jury found, and which was signed by them, rather than the recitals of the clerk. The bill of exceptions, when signed and filed in the case, becomes a part of the record, and imports verity, and we have no right to presume against its correctness.

It is insisted that, as this was not urged as one of the grounds for a new trial, the party should not be heard to raise it for the first time in this court, as the objection could have been obviated in the court below. As the jury was, no doubt. discharged when the reasons for a new trial were filed, the objection could not have been obviated, except on another trial by a jury. The 30th section of the Ejectment Act provides, that "the verdict shall specify the estate which shall have been established on the trial by the plaintiff, in whose favor it shall be rendered. whether such estate be in fee for his own life or for the life of another, stating such lives, or whether it be for a term of years, and specifying the duration of such term." From this provision of the law, it will be seen that this finding of the estate held by the plaintiff is not form, and the provision in the Practice Act that the court may direct the clerk to reduce the verdict to form, does not apply. The finding of the title is of the essence of the verdict, and, if omitted by the jury, they may be sent back with directions to find the title, and, if they fail to do so, no judgment can be rendered upon such a verdict. If the court were to supply the want of such a finding, it would encroach upon the province of the jury, and would find one of the most essential facts submitted to the jury, and which the law has prohibited the court from taking from the jury. In this case, there was no verdict found by the jury upon which to base the judgment, and it is erroneous. As the case will be submitted to another jury, we deem it improper to discuss the evidence in the case. It is for the jury, and not for the court, to consider it and find what it proves.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*