## ADELBERT V. D. BROECK
### v.
## WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY.

VERDICT—FAILURE OF JURY TO ASSESS DAMAGES.—Where the *ad damnum* stated in the declaration was $2,000, and there was issue on a plea of not guilty and a trial by jury, and the verdict was, " We, the jury, find for the plaintiff," and the court rendered judgment on the verdict in favor of the plaintiff and against the defendant for costs of suit. *Held*, that there being no assessment of the damages by the jury, there was no verdict sufficient to form the basis of a judgment, and the court should have awarded a *venire de novo.*

ERROR to the Circuit Court of Madison county. Opinion filed October 10, 1883.

Messrs. BURROUGHS & WARNOCK, for plaintiff in error; that judgment is not warranted by the verdict, as there was no assessment of damages by the jury, cited Long v. Linn, 71 Ill. 152; Hirth v. Lynch, 96 Ill. 409; Frazier v. Laughlin, 1 Gilm. 347; Hinckley v. West, 4 Gilm. 136; Austin v. The People, 11 Ill. 452; Bodine v. Swisher, 66 Ill. 536; Knickerbocker Mining Co. v. Hall, 3 Nev. 194.

Mr. G. B. BURNETT, for defendant in error; that in the absence of any intervening motion by plaintiff, the court was bound to render judgment upon the verdict of the jury, cited Practice Act, Ch. 110, § 57; Railroad Co. v. McMath, 91 Ill. 104; Gill v. The People, 42 Ill. 321.

Where no exception is taken in the circuit court to the overruling of a motion for a new trial, the correctness of such decision can not be inquired into in the appellate court: Miller v. Dobson, 1 Gil. 572; Smith v. Kahill, 17 Ill. 67; Selby v. Hutchinson, 4 Gil. 319; Pottle v. McWhorter, 13 Ill. 454.

BAKER, J. This was an action on the case for personal injuries; and the *ad damnum* stated in the declaration was $2,000. There was issue on a plea of not guilty, and a trial by jury. The verdict was, " We, the jury, find for the p'aint-

iff." Thereupon the court rendered judgment on the verdict in favor of the plaintiff, and against the defendant for costs of suit, to which action of the court the plaintiff then and there excepted.

The jury by whom the issue was tried ought to have assessed the plaintiff's damages, and by reason of their not having assessed such damages, the verdict was void in law. There being no verdict sufficient to form the basis of a judgment, the court should have awarded a *venire de novo*. Clement v. Lewis, 3 Brad. & Bing. 297; Thompson v. Watterston, 14 La. An. 239; Long v. Linn, 71 Ill. 152; Hirth v. Lynch, 96 Ill. 409; 2d Tidd's Prac. 922; 2d Bouvier's Law Dic., title *Venire Facias de Novo*.

The judgment is reversed and cause remanded for a new trial.

Reversed and remanded.