## Michael Harrigan v. Lee R. Turner.

1. CONTINUANCE—*Attorney a Member of the Legislature.*—It is a sufficient cause for a continuance in the party applying, to show that at the time of making the same, his attorney was a member of, and in actual attendance upon a session of the General Assembly.

2. RULES OF COURT—*Judicial Notice by Appellate Court.*—Rules of the trial court must be incorporated in the bill of exceptions, if it is desired to make them a part of the record for the Appellate Court.

3. SAME—*Must Not Contravene the Statute.*—Rules of the Circuit Court can not contravene a statute.

4. CONTRACT—*Compliance with its Terms.*—Where a party orders a coat made after a particular pattern, the person accepting the order is bound to comply with it as to style and pattern. Compliance with the contract is not excused by reason of any misunderstanding in regard to the order, unless the party ordering was in some fault in regard to the order or mistake, and the fact that he made no objection at the time of measuring does not of itself estop him from insisting on the coat being made according to the order.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

*Copy of affidavit for continuance:*

STATE OF ILLINOIS, ⎫
  Peoria County. ⎬ ss. In Circuit Court, May term, 1893.
            ⎭

  L. R. TURNER ⎫
     vs. ⎬ Debt—Appeal.
MICHAEL HARRIGAN. ⎭

Michael Harrigan makes oath and says that he is the above named defendant, and that he can not safely proceed to the trial of this cause at present May term, 1893, of this Circuit Court of Peoria County, Illinois, for the reason that John M. Niehaus, his attorney, is at present a member of the upper branch of the legislature of the General Assembly, now in session at Springfield, Illinois, for the year of 1893; and that he is now in actual attendance on the same; and that the attendance of John M. Niehaus in this Circuit Court is necessary to a fair and proper trial of said suit; and that the said John M. Niehaus was employed by the defendant, Michael Harrigan, prior to the commencement of the January session of the General Assembly of 1893; said session was held at Springfield, Illinois.

Harrigan v. Turner.

That this application is not made for delay, but that justice may be done; that he has a meritorious defense and believes he will be successful on a trial of said cause.

[Signed]     Michael Harrigan.

Subscribed and sworn to before me this 3d day of May, A. D. 1893.

James E. Pillsbury, Clerk,

By R. N. McCormick, Deputy.

*Appellee's sixth instruction assigned for error:*

The court instructs you that in this case if the evidence shows defendant had a particular style of coat he desired made, yet trusted to plaintiff to make up said coat as he, plaintiff, believed was like the coat desired by defendant to be made up at a previous time, and the evidence shows no objection was made at said time of measuring, and that the plaintiff was complying with said agreement as he understood said contract to be, and said coat was so made, then plaintiff is entitled to recover; provided you further believe from this evidence that said coat was made up in a good and workmanlike manner.

Sheen & Lovett and John Dailey, attorneys for appellant.

R. N. MacCormick and L. F. Meek, attorneys for appellee.

Mr. Justice Lacey delivered the opinion of the Court.

This was a suit commenced before a justice of the peace of Peoria county, Illinois, by appellee, to recover from the appellant the contract price for the making of an overcoat to order. Appellant claimed defective workmanship and disregard of appellant's instructions concerning the making of the coat, and upon that ground and because the coat did not give satisfaction as guaranteed by contract, refused to take and pay for the coat. The jury found for appellee and assessed his damages at $40, and after overruling appellant's motion for a new trial, the court gave judgment on the verdict.

One of the grounds assigned for error by appellant is the overruling of his motion for a continuance of the cause, on the grounds that John H. Niehaus, his attorney, was, at the time, a member of the upper branch of the legislature then in session at Springfield, Illinois, and that he was in actual attendance on the same, and that the attendance of said

Niehaus in the Circuit Court was necessary to a fair and proper trial of said suit, and that said attorney was employed by appellant prior to the commencement of the January session of the General Assembly of 1893, that the application was not made for delay, but that justice might be done, and that he had a meritorious defense and believed he would be successful on a trial of said cause. The said motion was based on a proper affidavit properly signed by appellant and properly verified before the clerk of the court. The affidavit seems to be in proper form. It states Niehaus was employed, which must be actual, or the affidavit was false. It appears to be sufficient in form. St. L. & S. E. R. R. Co. v. Teters, 68 Ill. 144; Wicker et al. v. Boynton, 83 Ill. 545. It is insisted by counsel for appellee, that the affidavit was not acted on for several days after presented and filed, and the conditions might have changed. We think this makes no difference. The court should have acted at once and an affidavit good at the time filed should not be deemed bad by delay of the court to act on it. The appellee contends that by virtue of certain rules set out in his brief, the appellant had lost his right to insist on his motion. But there are no rules of court preserved in the bill of exceptions which must be done before we can consider them. We can not take judicial notice of the rules of the Circuit Court. Anderson v. McCormick, 129 Ill. 308.

Again, rules of the Circuit Court can not contravene a statute. Razier v. Williams, 92 Ill. 187.

We think the Circuit Court erred in not granting the appellant's motion for a continuance.

We think appellee's sixth instruction was erroneous.

If the appellant ordered the coat to be made after a particular style or pattern, as he testified, the appellee was bound to comply with the order as to style and pattern, and compliance with the contract was not excused by reason of any misunderstanding appellee may have had in regard to the order, unless appellant was in some fault in regard to the order or mistake, and the fact that the appellant may have made no objection at the time of measuring, does

not of itself estop him from insisting on the coat being made according to the order. He may not have understood by the measurements how the appellee intended to make up the coat. The instruction ignores appellant's rights in those particulars.

Judgment of the Circuit Court is reversed and the cause remanded.