## Moses Kessel v. Daniel O'Sullivan.

1.  JUDGMENTS—*Not to be Reversed for Errors in Process.*—A judgment will not, generally, be reversed for an error in the process by which it was reached. The reason of the rule extends to a cause in which the appellant refrains—with the means in his control—from stating what the merits are.

2.  CONTINUANCE—*Sickness of Attorney.*—While a temporary postponement of a trial may be granted for the sickness of an attorney, it is no ground for a continuance.

3.  JUDICIAL NOTICE—*Rules of Court.*—The Appellate Court does not take judicial notice of the rules of the court below.

4.  PRACTICE—*Impaneling the jury.*—In the matter of errors and

irregularities in impaneling the jury, the bill of exceptions must control, and not the record made by the clerk.

5. VERDICTS—*Practice.*—The fact that in a written verdict the amount of damages was left blank and filled in from an oral statement by the foreman, to which all the jurors assented, is not error. At common law the verdict was not written, and by statute it is unnecessary.

**Transcript from a Justice of the Peace.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

ZOLOTKOFF & ZOLINE, attorneys for appellant.

WILLIAM B. CUNNINGHAM, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The abstract shows that there are in this record thirty-eight pages of testimony of witnesses, and none of it is abstracted.

Doubtless the counsel intended that this course should be understood as conceding that this court would not reverse the case upon its merits. But it has a greater effect than that. It is familiar law that a just—unquestionably just—judgment will generally not be reversed for errors in the process by which it was reached. Atchison, etc., R. R. v. Elder, 50 Ill. App. 276. And the reason of the rule extends to a cause in which the appellant refrains from showing—with the means in his control—what the merits are. ·The appellant relies upon alleged irregularities.

First. That when the case was called for trial the attorney said he was sick, and offered to testify that the sickness was of such severity as to seriously interfere with the performance of his duties in the trial; yet the court refused to continue the cause.

While a temporary postponement of the trial might have been granted for that cause, it was no ground for a continuance; and whatever may have been the hardship to the attorney it does not appear that his client suffered by it.

The rules of the County Court are not in this record, and

can not be judicially noticed. Harrigan v. Turner, 53 Ill. App. 292; Morgan v. Campbell, 54 Ill. App. 242.

Second. That the court participated in the examination of the jurors; but the appellant seems to have examined them as much as he desired to, and accepted those who tried the case.

Third. That the bill of exceptions shows the names of the same twelve men that the record shows were impaneled as jurors, and states that one of them " was excused from service in " the case, but don't show which one, nor that he did not sit.

Excusing a juror is not a method known to the law of getting rid of him, which is done by challenging. If the bill showed that one of those named did not sit, and that another took his place, or that the case was tried by eleven jurors without objection, there could be no complaint; and either of those things may have happened; and one or the other must if the " excused " did not sit. The bill of exceptions would control—not the record made by the clerk. Long v. Linn, 71 Ill. 152.

Fourth. That the record does not show that the jurors were sworn. It does show it; it is only the bill of exceptions that does not. Nor does it show the contrary.

Fifth. That in a written verdict the amount of damages was left blank, and filled in from an oral statement by the foreman, to which all the jurors assented.

At common law no verdict was written out by the jury, and by statute it is unnecessary. Sec. 57, Ch. 110, R. S., Practice. The judgment is affirmed.