Helen S. Milis et al., Appellees, v. Chicago Transit Authority, Appellant, and Joseph Vetrano, Defendant.

Gen. No. 46,048.

Opinion filed January 20, 1954. Released for publication February 25, 1954.

THOMAS J. STRACHAN, JR., JAMES O. DWIGHT, CHESTER A. WYNNE, and ARTHUR J. DONOVAN, all of Chicago, for appellant; HALBERT O. CREWS, of Chicago, of counsel.

JOSEPH BARBERA, of Chicago, for certain appellees, and KAMIN & GLEASON, of Chicago, for certain other appellee.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

This appeal is by defendant Chicago Transit Authority from a judgment based on a verdict of the jury, against it and in favor of the several plaintiffs, in an action for personal injuries resulting from the alleged negligence of the said defendant. The co-defendant, Joseph Vetrano, was found not guilty. A previous trial resulted in a verdict of not guilty for defendant Transit Authority and guilty against the co-defendant, Joseph Vetrano. This verdict was set aside by the trial court and a new trial granted. A petition by defendant Transit Authority for leave to appeal from the order granting the new trial was denied by this court.

The evidence upon the second trial establishes the following facts: Defendant operated its streetcar in a

southerly direction on Sangamon Street. Plaintiffs were passengers in a taxicab driven by defendant Vetrano in a westerly direction on Monroe Street. A collision occurred between the streetcar and the taxi in the intersection of the two streets. The taxi came to rest on the sidewalk and past the curb of the southwest corner of the intersection. The streetcar became derailed and was in the street with the front end against the curb.

The witness Rees, a fire captain attached to the Fire Department of the City of Chicago, and apparently disinterested, arrived at the scene shortly after the collision and before either vehicle was moved. He testified that he found the cab on the west side of the streetcar, beyond the sidewalk, the right side of the cab smashed and the front of the streetcar marked.

Police officer McCann, also a disinterested witness, who likewise arrived at the scene of the collision, testified that he found the cab on the west sidewalk, about 6 feet west of the streetcar, its right side smashed in and damage to the front of the streetcar; that the cab was west and north of the front of the streetcar; and that there was no "Stop" sign at the intersection of either street.

Defendant's motorman testified that he had stopped the car at Monroe Street to discharge a passenger; that he then looked to both sides of the street and saw nothing coming; that he proceeded, and when he got three-fourths of the way across Monroe Street he heard a screech of brakes, and as he turned around he saw the cab hit the left side of the streetcar about 12 to 15 feet behind him; that the streetcar came to rest on the sidewalk at the southwest corner of the intersection; that it caused the streetcar to derail and was carried over to the sidewalk; and that "the front of the streetcar when it stopped was about 15 feet south of Monroe Street."

Defendant Vetrano testified that as he approached Sangamon Street, he saw the streetcar about 150 feet north of Monroe Street; that he put on his brakes and put the car in second speed, thinking he had plenty of time to make the crossing; that when it appeared that the streetcar was not going to stop but was continuing at the same speed, he put on more speed; that the front end of the streetcar hit the cab on the right side between the two doors of the cab; that the streetcar came to rest at the southwest corner; that the trucks of the streetcar were up against both curbs, and the streetcar was then east of his cab; and that he noticed the car was swaying from side to side as it was approaching Monroe Street. There was conflict in the testimony as to the speeds of the taxi and the streetcar immediately preceding the collision.

Defendant urges for reversal of the judgment (a) that the verdict is against the manifest weight of the evidence; (b) that erroneous instructions were given; and (c) that the damages awarded are excessive. We shall discuss the errors assigned in the order stated.

■ The jury could well conclude from the evidence showing the location of the taxi on the sidewalk; the streetcar coming to rest against the curb after the collision; the picture in evidence of the damage to the automobile; and the damage to the front of the streetcar, that the streetcar ran into the taxi and not that ' the taxi ran into the streetcar some 12 to 15 feet behind where the motorman stood, as testified to by him. We are compelled to hold that the verdict is not against the manifest weight of the evidence.

■■ Defendant contends that co-defendant Vetrano was guilty of negligence, and that his negligence was the sole and proximate cause of the collision. Plaintiffs on the other hand contend, and we think rightfully so upon this evidence, that if defendant was guilty of the negligence charged, defendant Vetrano's

negligence, if any, would not bar plaintiffs' right to recover unless it could be said that Vetrano's negligence was the sole proximate cause of the collision, since the negligence of defendant Vetrano cannot in this instance be imputed to plaintiffs as passengers in the taxi. *Grifenhan v. Chicago Rys. Co.,* 299 Ill. 590, 596. The question as to which of the defendants was guilty of the negligence that proximately caused the collision was primarily for the jury and was settled by its verdict.

 Defendant complains of given instructions on behalf of plaintiffs: No. 1, which referred to damages; No. 6, which stated among other things that it was not necessary that any witness "should have expressed an opinion as to the amount of such damages"; and No. 12, which referred to the material allegations of the complaint; and No. 19 for defendant Vetrano. We think there is no merit in defendant's claim of error as to the instructions given for plaintiffs. We shall, however, discuss the objections raised as to Vetrano's instruction No. 19. That instruction reads:

"The Court instructs you that the defendant, Joseph Vetrano, was not the guarantor of the absolute safety of his passengers; and in this case if the jury believes from the preponderance of the evidence that the injuries to the plaintiffs, if any, were caused by the negligence of the defendant, Chicago Transit Authority, which negligence was the sole and proximate cause of the accident and which under the facts and circumstances surrounding said accident could not have been guarded against by the exercise of sound judgment and by the most vigilant foresight and care on the part of said defendant, Joseph Vetrano, then you are instructed you should find this defendant not guilty."

Defendant argues that this instruction is a peremptory one, directing a verdict, and that the language,

"were caused by the negligence of the defendant, Chicago Transit Authority, which negligence was the sole and proximate cause of the accident," without limiting it to negligence, "if any," results in assuming a fact to exist, which was in dispute, relying on *Grimm v. Chicago and North Western Railway Co.*, 331 Ill. App. 601; *Garvey v. Chicago Rys. Co.*, 339 Ill. 276; *Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590, and *Hanson v. Trust Company of Chicago*, 380 Ill. 194.

 Instruction No. 19 was tendered by co-defendant Vetrano. It directed a verdict as to him and did not direct a verdict against defendant Transit Authority. Strictly speaking, this instruction was not a peremptory instruction against defendant Transit Authority, as in some of the cases cited. The instruction is subject to the criticism that it assumes a fact in dispute, the same as the instruction in the *Grimm* case, where it was held reversible error. The *Grimm* case, however, is distinguishable, because the instruction there directed a verdict against the defendant complaining. In the *Garvey* case the instruction which was held reversible error was condemned because, as the court said (p. 287):

"It is a settled principle that an instruction should not draw the attention of the jury to particular facts and that it is improper to inject an argument into an instruction. Where an instruction selects one item of evidence, or one fact disclosed by the evidence, and states that a certain conclusion does not follow as a matter of law from that fact, it is calculated to mislead and confuse the jury."

In the *Grifenhan* case, the instruction complained of was condemned by the court not only because it assumed the existence of negligence, but also improperly placed the burden on the defendant of showing that the negligence of the driver of the automobile in which the

plaintiff was a passenger was the proximate cause of the injury.

█ The instant instruction is not of the type discussed in those cases. It does not direct a verdict for the plaintiffs or against the defendant Transit Authority. Does the instant instruction mislead or confuse the jury, or is it calculated to so prejudice the defendant as to call for a reversal? Whether it actually misled the jury is not susceptible of legal proof. To some degree it is conjectural whether it may have misled the jury. The very fact that in the first trial of the case, the instant instruction was given, and a verdict of not guilty was returned as to the Transit Authority, would dispel the inference that such an instruction would mislead or confuse a jury in the instant case. We are further persuaded that the jury was not misled or confused because, in the giving of instructions No. 12 for plaintiffs, and No. 23 for defendant Transit Authority, the jury was clearly and correctly instructed upon that subject. Instruction No. 12, after reciting the material averments of the complaint, concluded with the statement that if the jury found that the defendant Chicago Transit Authority was negligent therein, and that the collision in question occurred as a direct and proximate result of said negligence, "if any," . . . .

█ Instruction No. 23 for defendant Transit Authority informed the jury that the burden of proof was not upon defendant to show that it was not guilty of the specific negligence charged in the complaint, but the burden is upon the plaintiffs to prove that the defendant, Chicago Transit Authority, is guilty, and to adhere strictly to said rule as to the burden of proof. We think the error of instruction No. 19, in failing to include "if any" after the word "negligence," is in the instant case harmless error. It was well stated in *Kavanaugh v. Washburn,* 320 Ill. App. 250, 255:

243

"Juries are not versed in legal phraseology nor fine legal distinctions. Instructions are handed to the trial judge at the close of the case and just before argument. Naturally, they are partisan in character, with each litigant endeavoring to present his contentions in as skillful and forceful manner as possible. It is inevitable that a trial judge in the midst of a hotly contested case will sometimes fail to detect all of the language of the various instructions that may be inadvertently used. However, modern tendency favors a liberal application of the harmless error doctrine to instructions when it appears the rights of the complaining party have in no way been prejudiced. This situation is well expressed by the Supreme Court of this State in the following language:

" 'The office of instructions is to give information to the jury concerning the law of the case for immediate application to the subject matter before them. The test, then, is not what meaning the ingenuity of counsel can at leisure attribute to the instructions, but how and in what sense, under the evidence before them and the circumstances of the trial, ordinary men acting as jurors will understand the instructions.' *Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207, 213."

 As to each of the four plaintiffs, defendant argues the damages awarded are excessive. It would unduly extend this opinion to detail the evidence as to the extent of the injuries sustained by each. We have carefully examined the evidence and are satisfied that the damages awarded are not so excessive as to imply that the verdict is the result of passion and prejudice. Applying to this question of damages the doctrine in *Howard v. Baltimore & Ohio Chicago Terminal R. Co.*, 327 Ill. App. 83, and *Kavale v. Morton Salt Co.*, 242 Ill. App. 205, affirmed 329 Ill. 445, that "the decline in the purchasing power of money" must be consid-

ered in determining the question, and the reasoning in *Ford v. Friel,* 330 Ill. App. 136, we are constrained to hold that the damages are not excessive.

We find no reversible error in the record, and the judgment is accordingly affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.