Irene Roberts, Plaintiff-Appellee, v. Delbert Mc-
Daniel, Defendant-Appellant.

Term No. 59–M–11.

Fourth District.
September 14, 1959.
Released for publication September 29, 1959.

Irving M. Wiseman, of Alton, for defendant-appellant.

A. Alan Hart, of Alton, for plaintiff-appellee.

JUDGE HOFFMAN delivered the opinion of the court.

Plaintiff filed her complaint at law to recover damages for personal injuries alleged to have occurred in an automobile accident between cars driven by herself and defendant. At the trial before a jury the defendant admitted liability, and the trial proceeded solely on the question of damages. The jury returned a verdict for the plaintiff in the sum of $8,000 and the trial court entered judgment thereon. Post-trial motion was filed and denied and this appeal follows.

The defendant assigns as error that (1) the court improperly denied his oral motion for continuance made prior to trial, and that (2) the court wrongfully denied his motion for new trial resting on the grounds of newly discovered evidence. Defendant also claims

that the amount of the judgment is excessive. He prays, here, for a new trial or for a remittitur.

The accident occurred on March 17, 1957. Plaintiff's complaint was filed on March 17, 1958. Defendant's answer, by attorney Louis C. Grossman, was filed on April 12, 1958. The case was placed on the May, 1958 trial setting and on May 6, 1958, Attorney Grossman filed a motion requesting a continuance so that he might take depositions. This motion was allowed, and the case was stricken from the trial setting to be reset for trial before the next jury. The next jury was subsequently called for two weeks commencing September 8, 1958, and this case was placed on that trial setting. Defendant's present counsel states in his sworn post-trial motion that he was not hired to replace attorney Grossman, as attorney for the defendant, until September 3, 1958, and that he did not receive the file of the case until September 4, 1958. He further says that the file, when received by him, was incomplete, in that it did not contain alleged inconsistent statements made by the plaintiff. On September 3 when defendant's present counsel took on the defense of this case, he knew that it was on the trial call, and he knew that he had other cases on the same call which might be tried. Prior to this time, according to the plaintiff's attorney's affidavit, both plaintiff's attorney and attorney Grossman had discussed the cause and its contemplated trial on September 8 on many occasions. On September 8 defendant's counsel appeared before the court and requested that the case be passed to the end of the two week setting in order to afford him time for preparation for trial. This request was granted with the understanding that the cause would be tried later in the setting. Defendant's attorney prepared and tried other cases during the two weeks. On September 19, the

488

last day of the two week setting, this case was again called, and defendant's counsel made an oral motion for continuance stating that he was unprepared for trial. The court was advised that the defendant admitted liability. The court then denied the motion but only required that the jury be picked before adjourning over the week-end.

Defendant argues that the denial of this last motion for continuance was an abuse of the trial judge's discretion mainly because it didn't give his counsel time to acquaint himself with plaintiff's inconsistent statements. These statements are later discussed in this opinion.

■ This question was last discussed by the Supreme Court in Leathers v. Leathers, 13 Ill.2d 348, 148 N.E.2d 773. In that opinion, the applicable statutory provision (Section 59 of the Illinois Civil Practice Act) and the rules promulgated thereunder (Pars. 5 and 6 of Supreme Court Rule 14) were set forth and analyzed. Ill. Rev. Stat., 1957, Chap. 110, Par. 59, Par. 101.14 (5) (6). Nearly every case which defendant cites here was cited in that opinion. Though it was therein stated by the Court that each case must stand upon its separate state of facts, the following broad principles, which must guide us, were again reiterated: The Civil Practice Act confers a broad discretion upon the trial court in the allowance or denial of continuances, but this discretion must be exercised judiciously and not arbitrarily or capriciously; the court should not refuse a continuance when the ends of justice clearly require it, and an abuse of discretion in so doing will justify a reversal; the determinative fact in the cases is the degree of due diligence exercised by the party seeking the continuance. The Supreme Court went on to say that, while courts zealously guard the right of a party to a day in court with counsel and a jury trial, "we are cognizant that con-

tinuances may be sought merely to delay the administration of justice."

This was not a complicated case. It involved an intersection automobile accident wherein liability was admitted and only the question of plaintiff's injuries was in contention. Defendant had counsel representing him at least from April 12, 1958; a continuance was granted to permit the taking of depositions; defendant's counsel had conferences with plaintiff's counsel about the case on numerous times; and trial in September was acknowledged. There was nothing in the record to indicate any reason for Attorney Grossman's dismissal. New counsel, at the time he accepted the case was aware, or with reasonable diligence should have been aware, that the case was on the forthcoming trial setting, that he had other cases on that setting, and that defendant had been represented by counsel since April, and that this afforded prior counsel ample time for trial preparation.

Proper judicial administration and justice to parties plaintiff requires that cases be presented with dispatch, and, we, too, "are cognizant that continuances may be sought merely to delay the administration of justice." If defendant's present counsel was not prepared for trial, it was because defendant's previous counsel, from April on, had not exercised due diligence in preparation.

■ ■ Where there is no apparent reason for substitution of counsel, a party should only be allowed sufficient time for his counsel to prepare, not for each counsel he may seek, to independently prepare. Giving a party the right to select counsel of his own choice imposes a responsibility upon him to select counsel who will diligently represent him and who will prepare for trial without unnecessary delay. There was ample time from April to September for a lawyer

490

to prepare for the trial of this case. Plaintiff's rights to a hearing, under such circumstances, cannot be defeated by a last minute flip of the file to a new attorney. The order of the trial judge denying the motion for continuance was entered with a sound view towards the proper administration of justice.

Defendant next complains that he has discovered, since the trial, new evidence which entitles him to a new trial. In his post-trial motion he states that the plaintiff, prior to the trial of the instant case, gave a deposition in another suit which contained statements inconsistent with some of her testimony at the trial of this case. These supposedly inconsistent statements referred to her aches and pains and her ability to return to work.

■ The rule is that newly discovered evidence, to justify a new trial, must be of such conclusive and controlling character that it will probably change the result if a new trial is granted. People v. Dabney, 315 Ill. 320, 328; Cohen v. Sparberg, 316 Ill. App. 140, 144; 44 N.E.2d 335, 337. In a case such as this, where such evidence relates only to the element of damages, it must be of such character that, had it been introduced at the trial, it would have permitted the jury to award only nominal or slight damages. Graham v. Hagmann, 270 Ill. 252, 261; Powers v. Browning, 2 Ill.App.2d 479, 484, 119 N.E.2d 795.

■ A careful examination of defendant's post-trial motion discloses that the supposedly inconsistent statements made by plaintiff are not factual statements, but are mere statements of inference, memory and opinion. They cannot be considered as binding admissions upon her. Huber v. Black & White Cab Co., 18 Ill.App.2d 186, 151 N.E.2d 641. Nor are we convinced that they are of such a conclusive character that, had they been presented, the trial would have

resulted differently or only nominal or slight damages have been awarded. Applications for new trials on the ground of newly discovered evidence are not looked upon with favor by the courts. People v. Dabney, above cited. Thus, we think that the trial judge properly denied such application in this case.

██ ██ Lastly, defendant argues that the damages allowed by the jury were excessive, and a remittitur is in order. The rule applicable here has been set down in recent Appellate Court cases, two of which follow: In Ford v. Friel, 330 Ill. App. 136, 70 N.E.2d 626, the court said:

"This Court has been called upon many times to determine whether a verdict under a given state of facts was excessive. . . . The question of damages is peculiarly one of fact for the jury, and where the jury has been correctly instructed upon the measure of damage, and it is not claimed nor shown that the size of the verdict clearly indicates it was the result of prejudice or passion on the part of the jury, the award should not be disturbed upon review."

In Hulke v. International Manufacturing Co., 14 Ill. App.2d 5, 142 N.E.2d 717, it was said: "The amount of damages is primarily a question of fact for the jury to determine. The court has no right to substitute its judgment for that of the jury."

██ In this cause, the defendant alleged no error in the giving of any instruction, nor indicated in any way that the verdict was a result of passion or prejudice. There was competent evidence before the jury showing that the plaintiff had suffered a loss of income in excess of $3100 and had incurred medical expenses of $700. Undisputed testimony at the trial showed that the plaintiff had endured great pain and suffering and continues to have soreness in her back and shoulders, which, according to two doctors, would take two or three years to relieve. This evidence, un-

der the rules set forth above, requires that the amount of this verdict be sustained.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.