Russell Kehrer, Elmer Kehrer, Rachel Renth, Ruth Boade and Caroline Christ, Plaintiffs-Appellants, v. Erwin Kehrer, Carl Kehrer and Roland Kehrer, Individually and as Executor of the Last Will and Testament of Joseph Kehrer, Deceased, Defendants-Appellees.

**Gen. No. 60–O–17.**

Fourth District.

December 14, 1960.

McGlynn & McGlynn, of St. Louis, for appellants.

Meryl T. Schroeder, of Mascoutah, for appellees.

HOFFMAN, JUSTICE.

This was an action by plaintiffs to contest the will of Joseph Kehrer, deceased. It was the first case on the trial call before a jury ordered to convene on Monday, July 13, 1959 in the Circuit Court of Clinton County. On the morning of that day, plaintiff's attorney, who lived about 45 miles from the courthouse, while preparing to leave for court, unexpectedly became violently ill. The clerk of the court was contacted by telephone and advised of the attorney's condition and was requested to notify the judge and defendants' counsel upon their arrival. When defendants' counsel arrived at the courthouse, he called plaintiffs' counsel, and was advised that plaintiffs' counsel was too sick to get to court. Plaintiffs' attorney then talked by telephone to one of the plaintiffs, told him of his condition, and asked him to request a continuance from the court. Defendants' attorney reported the matter to the trial judge upon the latter's arrival at the courtroom.

The trial judge called the case for trial, whereupon defendants' counsel obtained leave of court to call plaintiffs' attorney by telephone. This he immediately did, and plaintiffs' counsel advised that he still could not leave his home and that none of the other members of his law firm were familiar with the case. Upon making a report of this telephone conversation to the court, defendants' counsel was directed by the court to make a short record. One of the plaintiffs personally requested the court to continue the case on the grounds

of his attorney's illness. The court denied the motion for continuance and entered an order of dismissal.

Plaintiffs filed their motion to vacate and set aside the dismissal order, which motion was supported by the affidavit of the trial attorney. No counter-affidavits were filed. After denial of this motion, this appeal was perfected.

The only question before this court is whether or not the trial judge abused his discretion in refusing to delay the trial of this case due to plaintiffs' attorney's unexpected illness on the morning of trial.

█ It is undisputed that a motion for continuance, except where it is based upon a statutory cause, is addressed to the sound judicial discretion of the trial judge. Condon v. Brockway, 157 Ill. 90, 41 N. E. 634. But this discretion must be exercised judiciously, and not arbitrarily or capriciously. Roberts v. McDaniel, 22 Ill.App.2d 485, 161 N.E.2d 47.

We have attempted in recent decisions to lay down basic rules applicable to cases involving applications for continuances and defaults. These rules are based upon statutory precept and broad principles enunciated by the Supreme Court. In Roberts v. McDaniel, supra, we said that the court should not refuse a continuance when the ends of justice clearly require it. In Widicus v. Southwestern Electric Cooperative, Inc., 26 Ill.App.2d 102, 167 N.E.2d 799, a case involving the entry of a default judgment, we stated that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice. We said further that the spirit of the Civil Practice Act is that controversies be speedily determined according to the substantive rights of the parties, and that the question of permitting default should be so resolved as to do substantial justice between the parties with the idea in mind of carrying out, insofar as

298

it is possible, the determination of matters upon their merits. We there concluded that a default should be condoned only when, as a last resort, it is necessary to give a party his just demand.

▮▮ Our decision here, like that of the trial judge, must be based upon the broad principles above set forth. In matters involving the exercise of judicial discretion, there is seldom binding precedent. However, it has been recognized in our Appellate Courts that extraordinary circumstances might arise after a case has been set down for trial which would justify a continuance (Gray v. Gray, 6 Ill.App.2d 571, 128 N.E.2d 602,) that even though a case has been set for trial by agreement, it may be continued (Adcock v. Adcock, 339 Ill. App. 543, 91 N.E.2d 99,) and that even though there wasn't sufficient grounds for a continuance, sickness of the trial attorney might be sufficient grounds for a temporary postponement. Kessel v. O'Sullivan, 60 Ill. App. 548.

▮ The uncontroverted facts in the record before us are that this case was the first case on the trial call; that the attorney who had the responsibility of trial suddenly became so violently ill that he was unable to be in court at 10:00 A. M. on the first day of the call; and, that he immediately notified opposing counsel and the clerk of his condition. The record nowhere indicates that there had been any previous delay or problem in bringing the case to trial, nor that plaintiffs' attorney had treated any previous command of the court with indifference. There is nothing in the record to justify any conclusion that justice to the defendants required the dismissal of this action so promptly. In view of the fact that other cases were on call, it would have amounted to little inconvenience to put this case over for a day or so. There being no reason to believe that the attorney's illness was feigned, it is not apparent to us what more the attor-

ney could have done. To say that an affidavit should have been filed at the time, under the conditions, is ridiculous. To argue that another attorney in the firm should have proceeded with the trial indicates a peculiar conception of the complexities of a will contest suit.

There is nothing in this record to support the conclusion that justice to the defendants required the arbitrary dismissal which was ordered here. Such dismissal was a clear abuse of discretion, it is reversed, and the cause is remanded.

Reversed and remanded.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.