Renzo A. Lynch, Plaintiff-Appellee, v. Illinois Hospital Services, Inc., a Not for Profit Corporation Incorporated Under "The Non-Profit Hospital Plan Act," Also Known as Blue Cross, Defendant-Appellant.

Gen. No. 10,430.

Third District.

January 14, 1963.

Roberts & Kepner, of Springfield, for appellant.

R. W. Deffenbaugh, of Springfield, for appellee.

REYNOLDS, P. J.

Plaintiff sued defendant for payment under a hospitalization insurance policy. Suit was commenced July 25, 1961, and service had on the defendant the same day. There seems to have been some negotiation between the attorneys for the parties toward settlement, but nothing was agreed upon and on September 5, 1961, a default judgment was entered for the plaintiff in the amount of $1436.75 and $359 attorney fees or a total of $1795.75, and costs of suit. Execution was ordered to issue. On September 8, 1961, on its own motion, the court amended the judgment to be $1316.75 and attorney fees of $354, or a total judg-

ment of $1670.75 and costs of suit. On September 18, 1961, defendant filed motion to set aside the default judgment, said motion being accompanied with affidavit by James B. Martin, defendant's attorney, stating that the attorney was in the process of moving from Springfield, Illinois to Chicago, Illinois, and in the confusion the status of the case was not noted until September 1, 1961, at which time he wrote the attorney for the plaintiff, R. W. Deffenbaugh, asking for additional time to file an answer in the case. In the affidavit was the statement that the defendant had a meritorious defense to the suit, claiming that the policy limited the amount of hospital benefits for maternity to $120. Hearing on the motion to set aside the default judgment was continued from time to time, until March 1, 1962. At that time the court set March 26, 1962 for hearing. On March 26, 1962, although defendant's attorney had been notified of the hearing, no one appeared for the defendant, and the motion to set aside was dismissed. On April 24, 1962, defendant filed a motion to set aside the dismissal order, on the ground that defendant's attorney Martin kept a daily log and appointment book and that his secretary had failed to note the pending hearing in the log. On May 3, 1962, the court denied the motion to set aside the dismissal order. On May 22, 1962, the court on its own motion entered an order finding that the attorney for the defendant was careless and indifferent in not appearing on behalf of his client at the time hearings were set in the matter, but that a final order on the defendant's motion of September 18, 1961, should be entered. The court then allowed the motion of defendant to set aside the order of March 26, 1962 dismissing the defendant's motion to set aside the default judgment, and denied the motion by defendant of September 18, 1961, to set aside the default judgment. The defendant appeals to this court.

In its appeal defendant takes the position that the test for determining the setting aside of a default judgment is simply how will justice best be accomplished; that any reasonable doubt should be decided in favor of a trial on the merits and the defendant in this case is entitled to a hearing on the merits. Plaintiff takes the position that the matter rests in the discretion of the trial court and unless there has been an abuse of discretion the order should be sustained; that the court as a reviewing court will indulge in reasonable presumptions favoring the action of the trial court, and that the carelessness and negligence of the defendant is a sound basis for the order of the trial court.

 The question of setting aside a default judgment has been litigated many times. The authority of the trial court to set aside a default judgment is provided in Chapter 110, Section 50, sub-paragraph (6) Illinois Revised Statutes. The authority there is permissive but not directory.

The case of Widucus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, is cited by both the plaintiff and defendant. In that case, the court held that the old requirement of a meritorious defense and a reasonable excuse for not having made that defense in due time is not now required, and under the present Practice Act a default may be set aside upon any terms and conditions that shall be reasonable. The court in that case said, page 109:

> "It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted.
> . . .
>
> "The entering of a default is one of the most drastic actions a court may take to punish for

473

disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

The reasoning and law as laid down in the Widucus case, was approved by In re Estate of Hoyman, 27 Ill App2d 438, 442, 170 NE2d 25. In the case of Kehrer v. Kehrer, 28 Ill App2d 296, 171 NE2d 239, the court referring to the Widucus case said, page 298:

"In Widucus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, a case involving the entry of a default judgment, we stated that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice. We said further that the spirit of the Civil Practice Act is that controversies be speedily determined according to the substantive rights of the parties, and that the question of permitting default should be so resolved as to do substantial justice between the parties with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. We there concluded that a default should be condoned only when, as a last resort, it is necessary to give a party his just demand."

In the case of Wolder v. Wolder, 30 Ill App2d 98, 173 NE2d 546, at page 101, the court said:

"Whether such inexcusable neglect exists as should bar this defendant from an opportunity to defend on its merits has turned largely on the

474

facts of the individual case. However, our courts have been liberal in setting aside defaults entered at the same term so that controversies might be determined according to the substantive rights of the parties."

■ ■ These cases reflect the present thinking of our courts on the question of setting aside default judgments. A default should be entered when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits.

■ The plaintiff relies upon those cases which hold that the trial court exercises its discretion in granting or denying a motion to set aside a default judgment and in the absence of abuse of that discretion the order will be sustained. The recent case of Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525, at page 379, held that such a motion is addressed to the sound legal discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. Citing McMurray v. Peabody Coal Co., 281 Ill 218, 223, 118 NE 29. But the court, in the same case, pages 379 and 380, says:

"Courts in this state are liberal in setting aside defaults during the term time in which they are entered, when it appears justice will be promoted. . . .

" 'The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice.' "

Reviewing the record and the exhibits in this cause, and after having heard the oral arguments of the parties, this court is not unmindful of the fact that the

defendant's attorney, failed not once but twice to appear and represent the defendant in the trial court. Unquestionably, the trial court had grounds for believing that the defendant's attorney was careless and indifferent in not appearing on behalf of his client. We are not prepared to say that the order of the trial court denying the petition to set aside the default, was an abuse of discretion. We do not believe it is required, under the liberal interpretation and rules of the cases of Widucus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799; In re Estate of Hoyman, 27 Ill App2d 438, 170 NE2d 25; Kehrer v. Kehrer, 28 Ill App2d 296, 171 NE2d 239, and Wolder v. Wolder, 30 Ill App2d 98, 173 NE2d 546, that this court determine as a matter of law, that the trial court exceeded or abused its discretion in denying the petition to set aside a default. We believe the overriding rule that should determine cases of this character, is whether or not justice is being done.

■ It should be noted that by the order of the trial court entered May 22, 1962, the court allowed the motion of defendant to set aside the order of March 26, 1962, but denied the motion of the defendant of September 18, 1961 to set aside the default. The motion of September 18, 1961 was made in apt time, within 30 days and this motion was denied. There is no showing that any hardship would result if the cause was tried on the merits. It appears that the defendant's attorney wrote plaintiff's attorney on September 1, 1961 asking for more time to file an answer in the case. The attorney for the plaintiff knew the defendant's attorney. He called the firm with which the defendant's attorney had been associated, but did not tell them of any pending litigation. Yet, on September 5, 1961, he appeared in court and asked for a default judgment. As said in the letter of Mr. R. W. Deffenbaugh to James B. Martin, dated

September 8, 1961, Mr. Deffenbaugh was in a difficult situation because as he said, "we in Sangamon County just normally don't take defaults against people if there is any possibility of the lawyer on the other side having overlooked the file." The order of the trial court denying the motion of the defendant of September 18, 1961 is the only matter before this court. Considering these matters in the light of the above happenings, it is the opinion, of this court that allowing the defendant to have his day in court and to a trial on the merits of this case, will not result in any hardship on the plaintiff. For that reason alone, and without any criticism of the trial court, it is the belief of this court that justice will be done by reversing the judgment and order of the trial court and remanding with instructions to set aside the default judgment and allow the defendant a reasonable time to plead.

Reversed and remanded with directions.

CARROLL and ROETH, JJ., concur.