Driscoll & Company, Plaintiff-Appellee, v. G. Richard Isett, d/b/a American Expansion Bolt & Manufacturing Co., Defendant-Appellant.

Gen. No. 49,166.

First District, Third Division.

March 5, 1964.

Steinbrecher & Narusis, of Crystal Lake (Bernard V. Narusis, of counsel), for appellant.

Burr and Golden, of Chicago (Albert A. Golden, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County denying defendant's petition to vacate the judgment entered on November 21, 1962.

The facts are these: Complaint on a promissory note was filed on August 10, 1962 and summons issued thereon. The original summons was returned "not found" and an alias summons was thereafter issued on September 14, 1962, and the defendant was served on September 20, 1962. On October 19, 1962 the defendant filed a special appearance and a motion to quash the summons for the reason that the service of process was made upon him forty days after the date of the summons, contrary to Rule 3 of the Illinois Supreme Court. At the time of filing his motion the defendant believed that the original summons had been served upon him more than 30 days after the date of its issuance. Thereafter defendant was served by the plaintiff with a notice of a motion to strike defendant's motion to quash the summons, the hearing of which motion was set for October 24, 1962. On that day the defendant's motion to quash the summons was overruled by the court and an order was entered on defendant to plead or answer to the complaint within twenty days. Neither the defendant nor his attorney appeared in court on October 24, 1962, their assigned reason being that they had learned that the

60

summons which was served on the defendant was an alias summons and that it was not served more than thirty days after the date of its issuance.

Thereafter notice of motion was mailed to the defendant's attorneys by the plaintiff's attorney to the effect that the plaintiff would appear in court on November 21, 1962 and move for the entry of an order of default, and for a judgment in the amount of $1851.09.

In the petition to vacate the judgment, Bernard V. Narusis, one of the attorneys for the defendant, stated that he neither received nor had knowledge of the entry of judgment by default until December 6, 1962. He further alleged that the defendant had a meritorious defense to the complaint.

The petition to vacate the judgment was filed on December 21, 1962. Attached thereto was a copy of a proposed verified answer and affirmative defense. Plaintiff filed its verified answer to defendant's petition on December 28, 1962 denying that the defendant had a meritorious defense, and stating that the notice of motion for order of default was served on defendant's attorney by mailing on November 16, 1962. A verified reply to plaintiff's answer was filed by defendant on January 9, 1963. Thereafter the court on January 31, 1963 denied defendant's motion to vacate the default judgment.

The question is whether the trial court erred in denying defendant's petition to vacate the judgment in view of the foregoing facts.

In support of defendant's argument he cites the cases of Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, and Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, 187 NE2d 330. Neither of these cases supports the contention of the defendant that a petition to vacate a judgment, based upon lack of diligence of a defendant, is sufficient to warrant the vacation of the judgment.

61

In the case of Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, the court on page 473, 187 NE2d 799 said:

"The question of setting aside a default judgment has been litigated many times. The authority of the trial court to set aside a default judgment is provided in Chapter 110, Section 50, subparagraph (6) Illinois Revised Statutes. The authority there is permissive but not directory."

The case of Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, holds that the old requirement of a meritorious defense and a reasonable excuse for not having made that defense in due time is not now required, and under the present Practice Act a default may be set aside upon any terms and conditions that shall be reasonable.

The defendant in this case admits the receipt of the notice to strike his motion to quash the summons. He was notified to appear on October 24, 1962 before the trial judge. He did not appear, his reason being that he had found out that his motion was not well founded. On that day the court by order directed that the defendant plead or answer within twenty days.

The defendant was served with the alias summons on September 14, 1962. When it came to his attention that his motion was not well founded in point of law, he took no steps to appear generally or answer. He apparently never checked the order entered on October 24, 1962 striking the defendant's motion to quash the summons, and giving the defendant twenty days to plead or answer, or if he did, he simply ignored it.

The question of whether the defendant received notice of the motion for the hearing on November 21, 1962 for a default judgment is of no importance here, because, even if he did not receive that notice, his prior utter disregard of the order entered on October

62

24, 1962 shows such a lack of diligence and disregard of the order of the court as to justify the court's action in entering the judgment by default on November 21, 1962.

It is true the courts now take a liberal attitude toward the vacation of default judgments within term time, however, the present liberal attitude of the courts in that respect does not require a court to vacate a default judgment regardless of the lack of diligence demonstrated by the party seeking such relief. The attorney owed an obligation to the court to assist it in the ordinary conduct of litigation, and while it may not now be necessary to show a reasonable excuse, a showing of lack of diligence will not support a motion to vacate a default judgment even within term time. The order of the trial court denying the petition to vacate the judgment is therefore affirmed.

Order affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.